Kramer v. Knauff.

FRANK KRAMER

v.

JOHN KNAUFF.

1. RESERVATION IN DEED.—H., the grantor, sold to appellee lot B, retaining for himself the adjoining lots. The deed contained the following reservation, " excepting and reserving the right of way for a wagon road ten feet wide along the south line of said piece of land conveyed, so long as the grantor may wish to use the same for the purposes of such wagon road." Subsequently H. deeded by warranty deed to appellant lot F, adjoining lot B, and H. retained lot 5 east of lot F. H., in his deed to appellant, granted a right of way over this strip. It was necessary to the enjoyment of appellant's lot to use the strip reserved, to cross over with his teams and wagons. Appellee fenced up the alley and forbid appellant to pass through. The question involved in the case, was whether the reservation in the deed was in gross and personal to H., the grantor, or appurtenant to the land and incident to the estate.

2. RULE IN CONSTRUING A RESERVATION OF A RIGHT OF WAY.—In construing this class of grants, reservations or exceptions standing on the same footing, the rule is that a way is never presumed to be in gross when it can fairly be construed to be appurtenant to the land.

3. EFFECT OF OMISSION OF WORDS HEIRS, ASSIGNS OR GRANTEES.—It is not necessary that the words heirs, assigns or grantees should be used in the reservation in addition to that of the grantor, to determine the intention to make the reservation appurtenant, for those words are not necessary to use in a deed of conveyance.

4. RESERVING CLAUSE AND SURROUNDING CIRCUMSTANCES CONSIDERED. —The clause "so long as the grantor may wish to use the same for the purpose of such wagon road " does not make the reservation in gross. The effect in this case would be the same with or without that clause. Fairly considering the reserving clause and the surrounding circumstances, the court is of

opinion that it was the intention of the parties that the right of way should be appurtenant to the estate.

APPEAL from the City Court of Elgin; the Hon. C. D. F. SMITH, Judge, presiding. Opinion filed February 9, 1883.

Mr. JOHN W. RANSTEAD, for appellant; that the reservation of the right of way in the deed from Hagle to plaintiff, became appurtenant to Hagle's land and passed with the lot sold to defendant, cited Garrison v. Rudd, 19 Ill. 558; Koelle v. Knecht, 99 Ill. 396; Winthrop v. Fairbanks, 41 Me. 310; Karmueller v. Krotz, 18 Ia. 352; Smith v. Ladd, 41 Me. 314; Washburn on Easements, 36, 231, 232; Borst v. Empire, 1 Seld. 33.

Mr. W. H. WILCOX, for appellee; that the fee of the land is in appellee and he is the only one who can dedicate the land to public use, cited Baugan v. Mann, 59 Ill. 492.

Private property can not be taken for public use without just compensation: Constitution of Ill. 1870, Art. 2, p. 13; Chicago v. Larned, 34 Ill. 203–207, R. S. of Ill. 1874, Chap. 47, Secs. 1, 2.

LACEY, J. This was a suit originally commenced before a justice of the peace by appellee against appellant to recover for trespass to real estate, and he recovered three dollars and costs against the appellant Feb. 24, 1881.

The appellant took an appeal to the City Court of Elgin, when at the September term, 1882, appellee again recovered a similar judgment; the cause being tried by the court without a jury, from which last judgment an appeal was taken to this court. It appears from the evidence that one Frederick Hagle originally owned all of a certain tract of land lying east of Dundee street, and between Enterprise street on the north and the alley on the south, except the lot in the northwest corner, marked lot XI.

Hagle first sold a portion of the tract or lot to Caroline Kramer, marked "A" on the plat in the record, but there need

be no mention about this lot in this controversy. On May 19, 1871, Hagle sold what is lot marked "B," as shown by the plat in the record, retaining all the balance of the tract. In this deed there was the following reservation, "excepting and reserving the right of way for a wagon road ten feet wide along the south line of said piece of land conveyed, so long as the grantor may wish to use the same for the purposes of such wagon road."

This lot "B" adjoined on Dundee road. He then deeded by warranty deed lot "F" to appellant, adjoining lot "B" on the east, retaining lot 5 still east of lot "F."

This deed bears date June 13, 1878. Hagle still owns the greater portion of the last named lot. The south line of lots B and F and lot 5 without the alley reserved, are all on a line. It was necessary to the use of Hagle's lots that he retained at the time he sold to appellant, to have this alley for the purpose of reaching his gravel pits, from which he was then hauling gravel, and would need such wagon road for the use of the lots.

Appellee built on the lot that he purchased and fenced out the alley. The appellant after he purchased his lot, built a barn and wagon shed on it, and used the right of way without interruption until shortly prior to the commencement of this suit, when the appellee cleared up the alley and forbid appellant using it, but the latter persisted in crossing over this ten feet strip from the street to his lot with his wagons, and this is the trespass complained of. It was absolutely necessary to the enjoyment of appellant's lot to use this strip reserved to cross over with his teams and wagons.

The only question in the case is, whether the reservation was in gross or personal to Hagle, or appendant or appurtenant to the land held by Hagle and incident to the estate. If it be determined that it was in gross, then no title or right passed from Hagle by his deed to appellant to cross over this strip of land on the south so reserved, and the judgment of the court below is correct, but on the contrary if the reservation was appurtenant to the estate retained, then it passed by Hagle's deed to appellant and he succeeded to all the rights to this strip of

land that was in Hagle in common with him, and in such case there would be no trespass committed in going along the alley, and the judgment is erroneous.

In construing this class of grants, reservations or exceptions, all standing on the same footing, it appears to be the rule that " a way is never presumed to be in gross when it can fairly be construed to be appurtenant to the land." Washburn on Easements, 3d Ed. 232.

Another rule required to establish the right of an easement that is appurtenant, is that the reservation should abut on the estate reserved or not sold by the grantor to which it could attach. If it does not adjoin to some portion of the grantor's estate, held at the time of the reservation, then the reservation should be considered to be in fact in gross and could not be transferred. Garrison v. Rudd, 19 Ill. 558. Yet some doubt has been thrown upon this doctrine, or may be some exceptions created to the general rule in the decision in the cases of L. N. R. R. Co. v. Koelle, 104 Ill. 160, and Koelle v. Knecht, 99 Ill. 396, and other cases growing out of the same contract.

It is not to be considered that it is at all necessary that the words, heirs or assigns or grantees, should be used in the reservation in addition to that of the grantor in determining the intention to make it appurtenant, for those words are not necessary to use even in a deed of conveyance. Winthrop v. Fairbanks, 41 N. E. 310; Karmuller v. Krotz, 18 Ia. 352; Smith v. Ladd. 41 Me. 314; Washburn on Easements, 3d Ed. pp. 36, 231, 232; Burst v. Empire, 1 Seld. 33.

Another rule in determining whether the agreement or reservation is in gross or appurtenant is, that it should be read in the light of the circumstances surrounding the parties when they made it. Placing ourselves in the position of the parties we can more readily determine their intention. For it is this that must govern. White v. Crawford, 10 Mass. 183; L. N. R. R. Co. v. Koelle, 104 Ill. 160; Karmuller v. Krotz, 18 Ia. 352.

In this case it will be seen that the strip of land reserved in the deed to appellee abutted the remaining land of Hagle and it was necessary that he should have this road that he

might reach his land. Enterprise street at that time had not been opened, and this reserved strip led from Dundee street back to his land where were the gravel pits and where the lots would be, if it were sold, all needing the same outlet for Hagle or his grantees.

Of course this was not entirely a right of way appurtenant by the necessity of the case as where one deeds a piece of land to a third party entirely surrounded by the land which he retains, the law infers a right of way in the grantee appurtenant to his land for ingress and egress to and from it over the land of the grantor and this where there is no mention of such right of way in the deed.

This is inferred from the necessity of the case. Otherwise he could not enjoy the use of the land which he had purchased. But in this case Hagle did make a reservation in the deed to appellant, the only question being whether he meant and whether both parties meant that it should be an easement permanently attached to his remaining land. Outside of the use of the remaining land Hagle had no necessity or use for the reserved strip. It was an absolute reservation forever, unless sooner terminated by Hagle. As long as Hagle might desire to use it he might have it. Such would be the effect, without such a provision. He might abandon it and release his claim to such right of way any time before he conveyed the land or some portion of it as well without, as with the clause "so long as the grantor may wish to use the same for the purpose of such wagon road."

It does not denote that the reservation was intended to be personal to the grantor any more than if they had not been omitted; for heirs and assigns are not at all mentioned in any portion of the reserving clause.

It is admitted in the reply brief for appellee that had not the last clause been used the reservation would have been appendant and appurtenant to the whole estate. But we can not see, under the light of all the surrounding circumstances, that the latter clause changes the meaning.

The effect would have been the same with or without the clause. We think the reserving clause, and the circumstances

fairly considered that it was the intention of the parties that the right of way should be appurtenant to the whole estate, and that the court below erred, in holding that it was in gross and simply personal to the grantor Hagle. For this reason, and because the finding of the court and judgment are against the manifest weight of the evidence, the judgment is reversed and the cause remanded.

Reversed and remanded.