DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[No. 8,915. Department Two.—January 29, 1884.]

## JOSEFA A. DE CELIS ET AL., APPELLANTS, v. GEORGE K. PORTER ET AL., RESPONDENTS.

IMPLIED PROMISE — EQUITABLE LIABILITY — VALUABLE CONSIDERATION. — On the foreclosure of a mortgage, the court, with the consent of the plaintiff, allowed a credit to the mortgagor for a sum which he was bound to pay to a third party, but for which the mortgagee was not liable. The mortgagor executed a second mortgage for the amount of the reduction. Subsequently the judgment of foreclosure of the first mortgage was satisfied by a judicial sale. *Held,* (1) that having received the full benefit of the credit there was an implied promise by the mortgagor to repay the amount, and that this was a sufficient consideration for the second mortgage. (2) That the cause of action upon the second mortgage accrued at the date of the rendition of the judgment upon which the credit was given.

PRACTICE — MISJOINDER OF PARTIES. — On an appeal from a judgment of foreclosure, if it appears that unnecessary or improper parties were united with the proper plaintiffs, the court may order a judgment in favor of the proper plaintiffs, and direct that the complaint be amended by striking out the names of those improperly joined.

FINDINGS — INFERENCES OF FACT. — The appellate court may draw inferences of law from the facts found by the trial court, but cannot infer from the findings a fact not found.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

In 1874, the defendant Maclay made his promissory note to E. F. De Celis, who was the administrator of the estate of E. De Celis, for $37,500, and executed a mortgage to secure the same upon certain real estate awarded to the estate under a decree of partition in an action by the San Fernando Farm and Homestead Association. The note and mortgage was given for the balance of the purchase money under a sale of the property in pursuance of an order of the Probate Court. Subsequently Maclay conveyed his interest to defendant Porter, who reconveyed an undivided one fourth.

E. F. De Celis commenced, in his own name, an action to foreclose the mortgage, and the defendants and E. F. De Celis appeared and entered into the stipulation of March 14, 1876, referred to in the opinion, by which it was agreed that the amount due the plaintiff would be on June 14, 1876, $38,994, with costs and counsel fees, and proceedings were stayed for three months that that sum might be paid ; and it was further agreed that if that sum was not paid a decree should be entered adjudging that the sum of $35,194 is the debt of Maclay, and $3,799 the debt of Porter, and that each should be held liable for one half of the costs and counsel fees; that the debt of Maclay is first a charge upon his one fourth, and that if Maclay's one fourth be not sufficient to pay his debt, then Porter's interest should be subjected to sale to make up the deficiency. The same conditions were made as to Porter's debt of $3,799.80.

On June 8, 1876, the plaintiffs herein filed a complaint in intervention, and set up the further facts that by the decree of partition brought by the San Fernando Farm and Homestead Association the costs were to be subsequently determined, and that on December 5, 1875, a judgment was rendered, determining the costs in that action to be $4,944.52½.

On the 14th of June, 1876, the judgment for costs in the partition case not having been paid, a stipulation was entered into between E. F. De Celis and Josefa A. De Celis, and all the other De Celises, plaintiffs herein, in the action therein pending to foreclose the $37,500 mortgage, that Porter and Maclay should be allowed a credit on the note and mortgage in the case for the amount of the judgment for

costs in the partition case, and the interest then due thereon, and amounting at that time to $5,255.30; and thereupon the following entry was made in the minutes of the court, to wit:—

"In this cause the plaintiff, defendant, and intervenors, appearing by their respective counsel, George K. Porter, one of the defendants, pays into court, and subject to the further order of the court, certain vouchers, being the $3,798.86 mentioned in the stipulation on file herein, less three fourths of the costs taxed to and adjudged against the defendants in the partition action in this court, entitled the *San Fernando Farm Homestead Association* v. *Eulogio F. De Celis et al.*, which said vouchers, together with a written agreement of said Porter with reference to the costs in said partition action herewith filed, is in full satisfaction of said sum of $3,798.86, mentioned in said stipulation. Said Porter also pays to the parties entitled thereto the sum of $417 in United States gold coin, being his proportion of the costs and counsel fee in this action; and the defendant Charles Maclay pays into court $1,313.82, to apply upon the said judgment in the case of *San Fernando Farm Homestead Association* v. *E. F. De Celis et al.*, and the further sum of $1,184.51 gold coin, to be credited upon the note sued upon in this action, as of this date."

And also the following: "In this case it is stipulated that the defendant Charles Maclay may pay on the amount due by him, as shown by the stipulation herein filed on the 6th day of April, 1876, the sum of $2,498.33, without other effect than to reduce to that extent the amount of said Maclay's indebtedness, as stated in said stipulation, it being expressly agreed that said payment is in no other respect to affect any of the terms or provisions of said stipulation of April 6, 1876."

The defendant Porter then executed the mortgage, which this action is brought to foreclose, to secure the credit mentioned of $5,255.30.

July 19, 1876, a decree was entered foreclosing the first mortgage for $37,500. January 2, 1877, E. F. De Celis transferred and assigned all his interest in the $37,500 note and mortgage to the plaintiffs herein, and the letters of administration were revoked, and Josefa A. De Celis, one of the plaintiffs herein, was appointed administratrix of the estate, and the court made

an order that the cause be continued in the name of the original plaintiff for the benefit of the plaintiffs herein. In 1877 the judgment for costs in the partition suit was modified—substituting $3,398.94, for $4,944.52. The decree foreclosing the mortgage for $37,500 was reversed on appeal, and on June 9, 1877, the cause was again tried, and Porter asked that the stipulation heretofore made should be disregarded, and that the credit for costs provided for by those stipulations, and which had been made in the first judgment, be not given, but the court rendered judgment allowing the credit. Maclay was willing that the credit be given, provided it should not be construed as settling the account between him and Porter. Porter appealed, and pending the appeal the Supreme Court directed Mr. Bishop, one of Porter's attorneys, to prepare a draft of a decree based on the stipulation of March 14, 1876. And after the form of the decree had been prepared by Bishop, Geo. K. Porter for himself, and Geo. H. Smith, attorney for the De Celises, met to determine the amount; and in the said consultation, among other things, Porter claimed that the amount of judgment for costs in the partition case should be allowed as a credit, and after some discussion concerning it, Porter again agreed orally that if the said judgment was allowed as a credit in said Bishop judgment, that he would carry out the contract made June 14, 1876, and thereupon Mr. Smith agreed to allow the said credit, and accordingly it was allowed in said judgment.

The Supreme Court modified the judgment of the court below, and ordered the entry of a judgment which was final, by which the same credit was given to Porter. Porter objected to the decree.

This action was brought to foreclose the mortgage given by Porter to secure the costs in the partition suit, which were credited in the judgment of foreclosure of the first mortgage.

*Glassell, Smith & Smith,* for Appellants.

*Graves & Chapman, F. H. Howard,* and *R. M. Widney,* for Respondents.

Thornton, J.—In the view we take of this case, we lay out of it the stipulations of March 14, 1876, and of June, 1876,

except so far as is hereinafter pointed out. They were disregarded by the District Court in pronouncing the judgment of July, 1877, which judgment was modified by this court so far as to allow the credit on the note and mortgage for $37,500, of the $5,255.30, being the amount of costs and interest thereon, in the partition case of the *San Fernando Farm Homestead Association* v. *De Celis et al.* This allowance was for the benefit of Porter and Maclay, and was in effect an advance by the De Celis plaintiffs to Porter and Maclay. It was not intended as a gift by the De Celis plaintiffs to Porter and Maclay. They had not previous to this action paid any part of the sum allowed to the De Celises. The judgment, as entered by the District Court, under the order of the Supreme Court made on the 7th day of June, 1879, allowing the sum of $5,255.30, was not set aside, or this credit stricken out. Admitting that Porter and Maclay did not consent to it they did not move to set aside. This judgment was executed, their indebtedness in the foreclosure suit was paid, and they got the full benefit of this credit. Under all these circumstances, it is clear that they received so much money which *ex æquo et bono*, they were bound to refund to the De Celis plaintiffs, and that the law would imply a promise to pay this sum. It makes no difference that they did not consent to the judgment as entered in the Supreme Court, and by its direction in the District Court. They got the benefit of the money.

The amount was credited on the note and mortgage, the judgment of foreclosure was so entered, and as thus entered was executed. It is equivalent to receiving so much money which they used for their own purposes. Let it be conceded that they objected to receiving the money on the credit allowed (a most unusual objection), still they availed themselves of it, and cannot now be heard to object to paying it back. If A objects to receiving the money of B, still if he receives it, and more especially if he uses it for his own purposes, his objection to receiving it would count as nothing in defense to B's action to recover it. By using the money he gives all the consent required. By such conduct his objection is waived and displaced, and consent and approval take its place. It is equivalent to consenting originally when the judgment was entered by the Supreme Court.

Although it does not clearly appear by the judgment finally entered by this court why the credit was allowed, still it is found that in this court a form of decree was prepared by order of the court (called in the findings the Bishop judgment), in which blanks were left for the amounts to be inserted. After the preparation of the form of decree by Mr. Bishop, Porter, and George H. Smith, Esq., attorney for the plaintiffs (the De Celises), met to determine the amounts, and the result of their conference was that Porter agreed orally that if the judgment for costs in the partition case was allowed as a credit in the Bishop judgment, that he would carry out the contract made June 14, 1876, and thereupon Smith agreed to allow this credit, and it was accordingly allowed and inserted in the judgment. This revived the stipulation of June 14, 1876, and the contract made then, including the mortgage sued on in this action, as far as regards Porter, and he became bound by all the obligations of such contract which he had by it assumed. In fact the main object of such stipulation and contract as between Porter and the other contracting party, to whose rights the De Celis plaintiffs have succeeded, was to secure the credit of the partition costs in the mortgage then in suit, and to obtain security for the repayment of those costs, and anything allowed beyond the amount of costs. Afterwards, Maclay objected (on what ground does not appear) to the Bishop judgment, and the same was modified, but still allowed the credit above mentioned, though Porter objected to it, for what reason we are not informed, still as he received the consideration of the agreement made between him and the plaintiffs at the conference in regard to the Bishop judgment, we do not think that we should be justified in holding that he was thereby let out of his agreement reviving the contract made between him and Smith, representing the De Celis plaintiffs. As far as we can get any light from the findings as to the objections of Porter and Maclay to the judgments above mentioned, they seem to have had relation to the state of the accounts between themselves, in which the De Celis plaintiffs had no interest. As said above, it appears from the findings that the judgment as finally entered by the order of this court was fully executed, and Porter and Maclay received all the benefit of the credit.

It appears from the above that the mortgage sued on was sustained by a sufficient consideration in its inception, was also sustained by the agreement made at the conference on the Bishop judgment, that such consideration has never failed, but that the full benefit of this agreement has been received by Porter, the mortgagor, by the credit in the decree and the sale under it, by which the indebtedness secured was paid off in full.

The court held that Maclay's indebtedness, which was secured by Porter's mortgage, was barred by the Statute of Limitations as it arose from a parol promise. We do not think that it is barred. The action to recover it did not accrue earlier than the 7th day of June, 1879, when the final judgment was entered in the Supreme Court, and this action was commenced on the 14th day of July, 1880, on which day the complaint was filed.

It is contended that the mortgage sued on was extinguished by the foreclosure of the mortgage for $37,500. We cannot perceive how this can be. The mortgage in this action originated from a credit on the foreclosed mortgage. How it can then be extinguished or merged does not appear. The ground of the existence of the mortgage herein is the credit allowed on the one foreclosed. The existence of one is consistent with the payment and satisfaction of the other. How, then, can there be extinguishment or merger of any kind?

With regard to the question of parties arising on the demurrer to the complaint, we think it only necessary to say that, in our view, the De Celis plaintiffs are the proper plaintiffs in this action, by reason of the assignment of Eulogio to them of the indebtedness herein, which carried the mortgage and the distribution of the indebtedness to those plaintiffs by the Probate Court. On the return of this cause to the court below, the complaint may be amended by striking out all the parties plaintiff except the De Celis plaintiffs, and the court will then proceed to enter judgment for the De Celis plaintiffs, foreclosing the mortgage sued on herein, and, if on the sale of the property mortgaged any deficiency arises, directing that such deficiency be docketed, three fourths of it against Porter and the remaining one fourth against Maclay.

The amount of the indebtedness for which the mortgage herein is security is $5,255.30, with legal interest from the 7th day of June, 1879.

The judgment is reversed, as well as the order denying the motion for a new trial, and the cause remanded, with direction to the court below to enter judgment in favor of the De Celis plaintiffs against Porter and Maclay as above indicated, the elements of which judgment distinctly appear in the findings.

If it becomes necessary to protect the interest of the other persons improperly joined as plaintiffs herein, the court can on their motion require the money to be paid into court, and make such order distributing it as shall appear to be proper in view of the rights of all the parties.

Ordered as above.

SHARPSTEIN, J., and MYRICK, J., concurred.

After petition for hearing in Bank, the court, on the 28th of February, 1884, modified the judgment and rendered the following opinion:—

The COURT. — The petition for a modification of the judgment calls attention to the fact that the interest should be charged on the credit allowed on the mortgage, $5,255.30, with interest from 14th of June, 1876, instead of from the 7th day of June, 1879. If it had been found as a fact by the court below that the credit on the mortgage was allowed as of the 14th of June, 1876, we should unhesitatingly order the modification. But it is not so found. Of what date such credit was allowed is a fact which this court cannot find, but which should have been found by the court below. It may be that the credit was allowed as of the 14th of June, 1876, but this can only be arrived at in this court by an inference of one fact from others found, which we cannot make. The only inferences which we can draw from the findings are inferences of law. We are not allowed to draw inferences of fact from the facts found. If this court were to infer a fact from other facts, it would be usurping the province of the trial court, which alone can find the facts in issue. This is the rule with regard to special verdicts, and we are of opinion that the same rule applies to findings of fact. There is no find-

ing that the credit referred to was allowed of an earlier date than that mentioned in the opinion in the cause, and in directing a judgment on the findings we must adhere to the facts as found.

But the contract of 14th of June, 1876, of which the mortgage sued on forms a part, which it is held was revived by the promise of Porter at the conference in relation to the judgment which was entered in this court in 1879, does bind Porter to pay interest on three fourths of this credit at the rate of ten per cent per annum, and the judgment should be modified so as to allow interest at the rate last named as against Porter from the 7th day of June, 1879. But Maclay has made no promise to pay interest at that rate. Maclay is only bound to pay the legal rate. And if Maclay should be called on to pay anything on the deficiency judgment, the interest as against him should be computed only at the rate of seven per cent. This applies not only to the computation to determine the amount of the deficiency as against Maclay, but interest on the deficiency so determined, as against him, should be computed at the same rate.

The judgment is modified in this regard, and the court below in entering judgment will regard these directions in addition to those given in the opinion filed on the 29th day of January, 1884.