[S. F. No. 12.    Department One.—August 7, 1896.]

# THOMAS HOPPER ET AL., RESPONDENTS, v. JOHN BARNES, APPELLANT.

PRIVATE RIGHT OF WAY—EASEMENT IN GROSS—PRESUMPTION—APPUR-
TENANCE TO LAND—CONSTRUCTION OF GRANT.—Though an easement,
like a right of way, may be created by a grant in gross attached to
the person of the grantee, this is never presumed when it can be fairly
construed to be appurtenant to the adjoining land of the grantee; and
when the grant of a right of way is expressed as being to the heirs and
assigns of the grantee, without qualification, and the circumstances
under which the grant is made, and the acts of the parties under and
in relation thereto, are consistent with the construction of the grant as
being an appurtenance to the land of the grantee, it will be so con-
strued.

ID.—INJUNCTION SUIT — MISJOINDER. OF PLAINTIFFS — CONVEYANCE TO
DAUGHTER FOR SUPPORT OF HER CHILDREN—BARE POSSIBILITY OF
REVERTER—FINDING AGAINST EVIDENCE—CORRECTION ON APPEAL.—
In an action to enjoin an obstruction of a private right of way, the
original grantee who has conveyed the land to which the way is ap-
purtenant, to his daughter in trust for her children, with a bare possi-
bility of reverter to himself upon the death of all of them, is not a
proper party coplaintiff with them; but when the grant does not ap-
pear upon the face of the complaint, it is not demurrable for misjoinder
of parties, and the objection of misjoinder is waived by failure to pre-
sent it in the answer; yet a finding that all of the plaintiffs, without
naming them, are owners of the right of way, and entitled to maintain
the action, not being justified by the evidence as to him, will be cor-
rected on appeal by ordering the court below to strike his name from
the complaint, there being no damages found or awarded, and no new
trial necessary.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial. R. F. CRAWFORD, Judge.

The facts are stated in the opinion.

*Rutledge & Pressley*, for Appellant.

The plaintiff Hopper has no interest in the land deeded by him, nor in the right of way, if appurtenant thereto. (Civ. Code, secs. 715–72.) A way in gross is not assignable. (Angell on Highways, 2; Washburn on Easements, sec. 11.)

*D. R. Gale,* and *A. G. Burnett,* for Respondent.

The right of way is presumed to be appurtenant to the land, and the circumstances show it to be so. (*Wagner* v. *Hanna,* 38 Cal. 117; 99 Am. Dec. 354; Washburn on Easements, 29, 161; *Smith* v. *Worn,* 93 Cal. 208; *Randall* v. *Chase,* 133 Mass. 210; *Dennis* v. *Wilson,* 107 Mass. 593; Code Civ. Proc. 1860; *Pellissier* v. *Corker,* 103 Cal. 518; *Underwood* v. *Carney,* 1 Cush. 285; *Lide* v. *Hadley,* 36 Ala. 627; 76 Am. Dec. 338.)

VANCLIEF, C.—Thomas Hopper is the father, and F. Roberts is the husband of Mary E. Roberts, and William Roberts, Edward Roberts, and Hubert Roberts are the minor children of F. Roberts and Mary E. Roberts.

This action was brought to recover damages alleged to have been suffered by plaintiffs in consequence of an obstruction by defendant of their alleged private right of way over the land of the defendant, and to enjoin the defendant perpetually from obstructing such way. The court found that plaintiffs had the alleged right of way and that defendant had obstructed it, and awarded the perpetual injunction prayed for, but no damages.

The defendant has appealed from the judgment and from an order denying his motion for a new trial.

It is alleged by plaintiffs in their complaint that they own the right of way, and that they have had and enjoyed the continuous, peaceable, uninterrupted, open, notorious, undisputed, adverse use and occupation thereof during the term of twenty years immediately prior to February 15, 1893, when defendant obstructed their use thereof by building a stone wall across their entrance thereto; and further allege that said way is appurtenant to the land which adjoins the land of the defendant over which said way lies. But whether the right of way was acquired by grant or prescription is not expressly alleged, though facts are alleged which, perhaps, warrant the conclusion that the right was acquired by prescription.

In his answer the defendant admits that on December

6, 1875, he granted to the plaintiff, Thomas Hopper, a
private right of way, in common with himself, over the
strip of land through which plaintiffs claim the right
of way as described in their complaint; but alleges, and
contends here as matter of law, that such grant was
merely of an easement in gross to Thomas Hopper,
individually, and not an easement appurtenant to his
adjoining land into which the way led. Whether or
not defendant's construction of the grant in this re-
spect is correct, is the principal question for decision.

The grant describes the way as claimed by plaintiffs
in their complaint, the following being a copy of it:

"This indenture, made the 6th day of December,
1875, between Jehu Barnes and Thomas Hopper, both
of the county of Sonoma, and state of California, wit-
nesseth: That the said Barnes, in consideration of the
sum of fifty dollars, sells to the said Thomas Hopper,
his heirs and assigns, forever, the right of way over and
along the following described tract of land situated in
the county and state aforesaid, and bounded and de-
scribed as follows, to wit: Beginning at a point in the
line running east and west between the lands of the
parties hereto and east of the gate in the fence on said
line where a stone fence intersects said line; thence
south along said stone fence sixty feet; thence west
ninety-seven feet; thence north thirty feet; thence west
and parallel with said line between the lands of the
parties hereto, and thirty feet south of the same to a
point in the road leading from the city of Petaluma to
the city of Santa Rosa, and thirty feet south of said
first-named line; thence north to said first-named line;
thence easterly along the said line between the lands of
the parties hereto to the place of beginning.

"The said Barnes agrees to build and keep in repair
a lawful fence on the south line of the land above de-
scribed, and the said Hopper agrees to keep in repair
the fence on the north line of said land. The under-
standing between the parties hereto is that the land
above described is to be used as a roadway by the par-

ties hereto and their heirs and assigns forever for all lawful purposes whatever.    Given under our hands and seals the day and year first above written."

"Though an easement, like a right of way, may be created by grant in gross, as it is called, or attached to the person of the grantee, this is never presumed when it can fairly be construed to be appurtenant to some other estate."  (Washburn on Easements, 4th ed., 45, citing *Kramer* v. *Knauff*, 12 Ill. App. 115; *Boatman* v. *Lasley*, 23 Ohio St. 614; *Spensley* v. *Valentine*, 34 Wis. 154.)

That the way granted may be deemed appurtenant to the adjoining land of the grantee, it is not necessary that it should have been so expressed in the grant.    The grant in question is to be construed in the light of the circumstances under which it was made and the acts of the parties under and in relation thereto, during a period of fifteen years immediately after it was made. (*Dennis* v. *Wilson*, 107 Mass. 591; *Smith* v. *Worn*, 93 Cal. 206.) At the date of the grant the defendant owned the southwest quarter of section 32, and Thomas Hopper owned the northwest quarter of that section and about three hundred acres of other land adjoining it.    Section 32 is bounded on the west by the county road from Petaluma to Santa Rosa.    The way in question is thirty feet wide and about eight hundred feet in length, connecting with said road on the west, and extending east therefrom along the quarter-section line to a gate opening into said northwest quarter section on which plaintiffs, other than Hopper, have resided more than ten years, and upon which is a stone quarry convenient to said gate, the product of which quarry has been hauled to market through said gate and way by plaintiffs and their lessees ever since said grant, to the knowledge of defendant, and without objection, until he erected the obstruction complained of.    The way, including the gateway, was used by plaintiffs and their visitors for all purposes of traffic and travel, without objection, from the date of the grant until February 15, 1893, when defendant built

the stone wall across the gateway. The gate existed and had been used in connection with the way by Hopper and his tenants before the grant. In the case of *Dennis* v. *Wilson, supra,* there was no declaration of the intention of the parties in regard to the nature of the way, and the court said: "When there is in the deed no declaration of the intention of the parties in regard to the nature of the way, it will be determined by its relation to other estates of the grantor, or its want of such relations. . . . . In partition of land a right of way set to one over the land of the other would certainly be presumed to be appurtenant, unless the contrary should clearly appear. A partition by deed, with provision for a way over one of the lots for the use of the owner of the other, would be taken as making the way appurtenant as matter of course." In that case, as in this, the right of way extended from the highway along the line of division for a specified distance less than the whole length of the dividing line. In construing the grant the court said: "As the grantor (who reserved it) could have no occasion, apparently, to use such a way for any other purpose than for access to and egress from his remaining land, the inference would seem to be inevitable that it was for that use that both parties must have understood and intended the way to be held. . . . . Unless appurtenant to the land, his way was a useless *cul de sac.*" So in the case at bar. If Hopper could not gain access to and egress from his adjoining land through the way, it was a useless *cul de sac* so far as he was concerned.

That the grant was intended to be of a right of way appurtenant to Hopper's adjoining land, and not of a mere personal right in gross limited to Hopper, is sufficiently expressed, it being a grant to him, *"his heirs and assigns forever,"* without any qualification; and when the intent thus expressed is in accord with all the circumstances, and corroborated by the practical construction given by the acts of the parties, as above shown, there remains no plausible ground of contro-

versy; and, therefore, I think the court below did not err in construing the grant to be of a right of way appurtenant to Hopper's adjoining land.

On June 4, 1891, Thomas Hopper granted and conveyed said northwest quarter of section 32, together with said right of way and his other land adjoining said quarter section, to his daughter, Mary E. Roberts, who is one of the plaintiffs, in consideration of love and affection, in trust for the uses and purposes expressed in the deed as follow:

"That is to say, to occupy and possess by herself or her tenants, to care for and preserve the same, to collect all the rents and profits arising from the rents and products of said lands; to apply and pay out all said rents and profits: 1. In payment of taxes on said property: 2. To the support of said Mary E. Roberts, and to the support and education of her said minor children, William Roberts, Edward Roberts, and Hubert Roberts, as well as any and all other children that may be born unto her in the future; and any surplus of said profits shall be retained by said Mary E. Roberts in her own right.

"And at the death of the said Mary E. Roberts the said hereinbefore granted and described property and premises shall immediately be conveyed in fee unto the said William Roberts, Edward Roberts, and Hubert Roberts, as well as to any other children that may have been born unto the said Mary E. Roberts, provided that any of them are then living; but, in case none of them survive their said mother, the said property and premises upon the death of all the said children and their mother, the said Mary E. Roberts, be immediately conveyed and transferred in fee to Thomas Hopper, the party of the first, or in case he is not then living, it shall be then conveyed in fee to the heirs at law then surviving of the said Thomas Hopper in the proportions they would be entitled to inherit under the laws of the state of California at that time in force."

The complaint was demurred to on the ground that

Hopper was improperly joined as a party plaintiff, and appellant contends that the court erred in overruling the demurrer. But it does not appear on the face of the complaint that Hopper was improperly joined. Nothing of Hopper's conveyance to his daughter appears in the complaint. Therefore the demurrer was properly overruled, and since such misjoinder was not pleaded in the answer it was waived.

A more serious objection, however, founded upon the conveyance of Hopper to his daughter, is that the finding of the court that *all* the plaintiffs are owners of the right of way is not justified by the evidence, for the alleged reason that the express grant of the right of way and the dominant estate by Hopper to his daughter in trust for the use of herself and children during her life, and remainder in fee to her children should they or any of them survive her, exhausted the entire estate, leaving no interest to the grantor (Hopper) in the land or right of way, which would entitle him to maintain an action for obstruction of the way. The question presented is whether the reversion to Hopper, if such it may be called, gives him such an interest in the way in question as entitles him to maintain this action. If not, the finding of the court below that he had such an interest is not justified by the evidence.

If the alleged reversion depended only upon a contingency that in its nature must happen, there would be no question that he would be entitled to an action for any wrongful act injurious thereto. (2 Washburn on Real Property, 5th ed., top p. 804; Addison on Torts, 6th ed., *409, *434; *Gould* v. *Stafford*, 91 Cal. 146.) But it is manifest that the contingency in this case may never happen, and probably never will happen; namely, that Mary E. Roberts will survive all her children. Therefore, Hopper has no substantial estate in the easement in question which may be properly called a reversion. To him pertains only a bare possibility of reverter. He has no present estate in the property conveyed by him to his daughter for life with

remainder in fee to her children, which entitles him to maintain an action for any injury to that property.   In *Keene's Appeal*, 60 Pa. St. 504, it was held that "a bare possibility," under a will dependent upon the death of the first taker without issue, is not such an interest as will authorize a citation to the executor to account; and that the interest for such purpose must be such as will certainly fall into possession some time.   (See, also, 1 Washburn on Real Property, 5th ed., 65, 95; 2 Washburn on Real Property, 802.)   It follows, I think, that the finding that *all* the "plaintiffs are and were at the time that the said way was obstructed . . . . the owners of said private way," is not justified by the evidence; though all, except Hopper, were such owners in common with defendant.   But since no damage was found or awarded, and the plaintiffs, other than Hopper, appear to be entitled to all the relief granted by the decree, a new trial will not be necessary; and since the name of Hopper is not mentioned in the findings or judgment, and only in the title of the complaint, the error in the finding may be corrected by striking Hopper's name from the title of the complaint, the misjoinder having been waived by failure of defendant to plead it.   (*De Celis* v. *Porter*, 65 Cal. 3.)   With this amendment of the complaint the findings on trial and the judgment as entered will be correct.

Defendant's objection to evidence that the way, including the gateway, was used by Hopper and his tenants before and up to the date of the grant of the way was properly overruled.   Such evidence was competent and relevant in aid of the construction of the grant, as tending to prove that the way was intended to be appurtenant to Hopper's adjoining land.

In view of the construction above given to the grant of the right of way, all other points made by appellant become immaterial, since they are grounded on the assumption that the grant was in gross, and the right granted not transferable.

I think the court below should be instructed to amend

the complaint by striking therefrom the name of Thomas Hopper, and that, with this amendment, the order and judgment should stand affirmed.

SEARLS, C., and BRITT, C., concurred.

For the reasons stated in the foregoing opinion the cause is remanded, and the court below is instructed to strike from the complaint the name of Thomas Hopper. In all other respects the order and judgment appealed from are affirmed, the costs of the appeal to be borne by the appellant.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.