[Civ. No. 220.   Third Appellate District.—June 23, 1906.]

## A. B. JONES and IRA JONES, Appellants, v. JOHN DEAR-DORFF and CLARENCE DEARDORFF, Respondent.

ACTION TO QUIET TITLE—WATER DITCH—EVIDENCE—DEED—GROUNDS OF OBJECTION—REVIEW UPON APPEAL.—In an action to quiet title to a water ditch in which defendants claimed the right to run water across plaintiff's lands to their own lands, under a deed from plaintiff's predecessor to the predecessor of defendants, which deed was offered in evidence, and could not be inadmissible for every purpose, an objection thereto should state the grounds thereof; and where the record upon appeal from a judgment for the defendants fails to show any grounds of objection to the deed, a specification of error in its admission raises no question for review.

ID.—CONSTRUCTION OF DEED—EASEMENT NOT IN GROSS—APPURTENANCE TO LAND—CIRCUMSTANCE SHOWN.—A grant to a person of the use of a ditch for the conveying of water to land described, for use thereon, and for no other use without the consent of the grantor, and for the use of no other person than the grantee without the grantor's consent—the circumstances proved, without objection, being such as to show that the deed was taken by a husband as agent for the benefit of his wife's land, and that the ditch was constructed at her expense and was used continuously for the benefit of such land by the husband and wife, and by her successors in interest, the defendants—is to be construed not as granting a personal easement to the husband in gross, but as creating an easement which the evidence shows became appurtenant to defendants' land.

ID.—CONSTRUCTION OF EASEMENTS BY COURTS.—Whether an easement in a given case is appurtenant or in gross is determined mainly by the nature of the right and the intention of the parties creating it, but the courts favor the construction of grants of these rights as appurtenant rather than in gross, and if the right in question is in its nature an appropriate and useful adjunct of the land conveyed, having in view the intention of the grantee as to its use, and there being nothing to show that the parties intended it to be a mere personal right, it would be held to be an easement appurtenant to the land, and not an easement in gross.

ID.—RESERVATION IN DEED TO PLAINTIFF.—Where it appears that in the deed to plaintiff there was reserved by her grantor "all water ditches and ponds theretofore conveyed," it is to be inferred that the grantor regarded the water ditches as subject to the easement created for the benefit of defendant's land.

ID.—INTENTION OF PARTIES TO GRANT OF EASEMENT—PERMISSION TO CONSTRUCT AND USE DITCH.—The permission given to the husband and wife, contemporaneously with the grant in the name of the husband, to enter upon the land of the grantor, and construct the ditch, and its use by them and their successors in interest, without objection, for so long a time to convey water, where it was necessary for the proper enjoyment of the land benefited, would give rise to a strong inference that the original intention of the parties was that the ditch should become a servitude upon the land of the grantor, of which the land benefited was the dominant tenement.

APPEAL from a judgment of the Superior Court of Kings County, and from an order denying a new trial.   M. L. Short, Judge.

The facts are stated in the opinion of the court.

R. J. Hudson, for Appellants.

E. T. Cosper, for Respondent.

CHIPMAN, P. J.—Action to quiet title.   It is alleged in the complaint that plaintiff, Mrs. Jones, is the owner, as her separate estate, of section 4, township 19 south, range 22 east, in Kings county, and also of all water ditches passing across said land, except what is called the Settlers ditch; that defendants claim some interest or estate in said premises, namely, the right to run water over said land in ditches now existing on said land, but that said claim is without right, etc.

Defendants in their answer deny that plaintiff, Mrs. Jones, is or ever was the owner of the water ditch mentioned in the complaint; allege that in 1897 one Mary Kirkendall was the owner of said land and at the same time one Mary Deardorff, wife of Samuel Deardorff, was the owner of the north half of section 8 in said township and range, and that defendant, together with one Oscar Deardorff, are now the owners thereof; that said Mary Kirkendall conveyed in said year by deed a right of way for a lateral ditch through her said land from the said Settlers ditch, for the benefit of said land in said section 8, which deed was duly acknowledged and recorded; that immediately thereafter said Samuel and Mary Deardorff constructed a ditch along the right of way so deeded, and that "ever thereafter until about the 1st of Janu-

ary, 1904, they and their successors and grantees of said land in said section 8 maintained and used said ditch in conveying water to and upon said land''; that said deed provided that said ditch should be used to convey water to the lands in both said sections. A prescriptive right to said right of way is also pleaded; defendants also pleaded the statute of limitations. By way of cross-complaint defendants set forth the facts as above stated in their answer; alleged that large and valuable crops of alfalfa and pasturage are produced on said section by defendants by means of said ditch and that the water carried through said ditch is essential to the growing of said crops; alleged that in January, 1904, plaintiffs, against the will of defendants, wrongfully placed obstructions in said lateral ditch and diverted defendants' water therefrom to their irreparable damage; and they pray, among other things, for an injunction restraining plaintiffs from further interference in the said ditch.

Answering defendants' cross-complaint, plaintiffs deny most of its allegations; allege that the said deed executed by Mary Kirkendall contained the following provision, to wit: ''The said water ditch is not to be used by S. F. Deardorff except for conveying of water to the N. ½ of sec. 8, said township and range, for use therein without the consent of myself, nor for conveying water to any other person without my consent,'' and that ''such consent was never obtained from Mrs. Deardorff or her grantee that the water running in said lateral ditch should be used by any other person other than S. F. Deardorff. That the said S. F. Deardorff died on or about August, 1901''; allege that on December 4, 1896, said Mary Deardorff executed a trust deed on said lands owned by her (said section 4), and that her said deed to S. F. Deardorff was made subsequently, namely, on August 7, 1897; that she defaulted in the payment of the money secured by said trust deed; that the land was thereafter, to wit, on August 17, 1898, sold pursuant to the trust deed and was thereafter conveyed to said Mrs. A. B. Jones, one of plaintiffs herein, who is now the sole owner thereof.

The court found the facts generally as alleged by defendants; that the said land in section 4 was owned in fee simple absolute by plaintiff, Mrs. Jones; that in August, 1897, Mary Deardorff, wife of Samuel, was the owner of said land in section 8, ''which land was worked, managed, rented and looked

after by the husband of said owner, the said Samuel F. Deardorff. That while in the management of said land of the said Mary Deardorff as aforesaid, and for the purpose of making the same appurtenant to the said" land in section 8, "the said Samuel F. Deardorff purchased of one Mary E. Kirkendall a right of way for a water ditch over and across" the said land in section 4, "and took the conveyance thereof in his own name for the use and benefit of the said" land in section 8, "then owned by the said Mary Deardorff, and for the use and benefit of the said Mary Deardorff and her grantees." The court found that Mary Kirkendall was, on August 7, 1897, the owner of the land in section 4, subject to the deed of trust as alleged by plaintiffs and that "on said date executed to Samuel Deardorff a conveyance of said right of way so purchased by him as aforesaid, which conveyance was, and is in words and figures following, to wit: I, Mary E. Kirkendall, of the county of Kings, State of California, do grant unto Samuel F. Deardorff, of the same county and state, a right of way for a water ditch over and across (describes land in section 4) subject to the following reservation and limitations; the said water ditch (describing its dimensions) is not to be used by said S. F. Deardorff, except for the conveying of water to (land in section 8) for use thereon, without the consent of myself or grantee, nor for conveying water to any other person without my consent. The said Samuel F. Deardorff is to keep said water ditch in good order and to use the same so as to do no injury or damage to the adjacent land. I reserve the right to run sufficient water in said ditch at any time to irrigate my own lands situate in and being a part of said quarter section." The court found that immediately after said conveyance was executed the said Samuel Deardorff and his wife Mary constructed a ditch along the right of way so conveyed and that they and their grantees have ever since maintained and kept in good order the said ditch, and the said Samuel and Mary Deardorff and their successors in interest have ever since used and still use said water ditch for said purposes without injury to the adjacent lands; and that plaintiff, Mrs. Jones, and her predecessors in interest have also used said ditch for the purpose of irrigating said land in section 4; that defendants and Oscar Deardorff are the owners of the land in section 8, and that the water from said ditch is necessary for the production of crops on

their said land, and the defendant John Deardorff owns water running through said Settlers ditch. The court also found that plaintiffs have wrongfully obstructed said lateral ditch; also that the deed of the land in said section 4, to said plaintiff, Mrs. Jones, coming through the Sacramento bank by the trustees' sale under said deed of trust, conveyed the land to her, "expressly reserving in its conveyance of said land all water ditches and roads theretofore conveyed." The court found against defendants' alleged prescriptive right and against the alleged bar of the statute of limitations. In its conclusions of law the court found: That defendants are the owners of the ditch in question and the right to maintain and keep the same in order and jointly with plaintiff, Mrs. Jones, to run water through the same and that defendants are entitled to a decree quieting the title in said ditch and to an injunction perpetually restraining plaintiffs from interfering therewith. Judgment was accordingly entered from which and from the order denying their motion for a new trial plaintiffs appeal.

1. It is claimed that the court erred in admitting the deed to Samuel Deardorff. The record fails to show the ground of the objection made when the deed was offered in evidence and hence the specification raises no question, for it cannot be said to have been inadmissible for every purpose. In making objection to evidence the ground must be stated in order that the court may determine whether the ruling of the lower court was correct or otherwise.

2. It is claimed also that the evidence is insufficient to support the following findings: (a) that defendants have a right to maintain a ditch over the land in section 4; (b) that when Samuel Deardorff took a deed for the water ditch across section 4 he did so that the same should become a permanent use or benefit to section 8, or that the ditch ever became appurtenant to said section.

The legal proposition upon which appellants rely is: That the grant from Kirkendall to Samuel Deardorff was simply a grant in gross, and was limited as a right in the grantee and was not intended by either party to become appurtenant to any land; that it was not in the nature of an easement, and hence not an estate of inheritance, but a simple right of way that died with the grantee.

By the terms of the deed to Deardorff, the ditch was not to be used by the grantee "except for the conveying of water to the north half of section eight for use thereon," unless by the consent of the grantor, Mary Kirkendall. This was a negative form of expressing the right to use the ditch to convey water to said section. The consent of the grantor was necessary if water was to be conveyed elsewhere. The deed also provided that the ditch was not to be used, without grantor's consent, for conveying water to any other person than the grantee. It is apparently upon this clause that appellants rely to show that the grant was personal only to Samuel Deardorff—or a technical grant in gross. Whether the deed standing alone should be given the construction contended for it is not necessary to decide. Defendants were permitted to show without objection, and it appears by the record, that Mary Deardorff's husband was acting for her in the matter as her agent, and that he took the deed "for the use and benefit of said north half of said section eight"; that his wife, the said Mary, assisted in the construction of the ditch and that they constructed the ditch together conformably to the terms of the deed at a considerable expense to themselves; that the ditch was constructed immediately after the deed was received and that it has been used ever since by Deardorff and his successors in interest, "and they have since maintained and kept in good order the said ditch agreeably to said deed" and that "they (Deardorff and his wife) have since used said water ditch for conveying water to said" section 8 without "injury or damage to the adjacent land." The court found, and the finding is not challenged, that plaintiff, Mrs. Jones and her predecessors, used said ditch to convey water to their land in section 4. The testimony is not set forth in the transcript; appellants in preparing it have given what purports to be but the legal effect of the testimony. Nor does the bill of exceptions purport to contain all the evidence or the legal effect of it at all. Upon the record before us, however, we think the findings are supported and that the court drew just conclusions from the findings. Mary Deardorff died in 1901, and her husband died in 1902, and defendants succeeded to their interest in section 8 by decree of distribution, and "Are now the owners thereof and irrigation thereof is necessary to its proper cul-

tivation,'' and they ''have been wont to run water through said ditch during all the irrigating seasons since the fall of 1902.'' The cause was tried in November, 1904.

''The right of way'' and ''the right of receiving water from or discharging the same upon land,'' are among the burdens or servitudes which ''may be attached to other land as incidents or appurtenances and are then called easements.'' (Civ. Code, sec. 811.) ''A thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit.'' (Civ. Code, sec. 662.)

The grant in this case created an easement and the evidence shows that it became appurtenant to defendants' land as the court found. Whether an easement in a given case is appurtenant or in gross is determined mainly by the nature of the right and of the intention of the parties creating it; but the courts favor the construction of grants of these rights as appurtenant rather than in gross, and if the right in question is in its nature an appropriate and useful adjunct of the land conveyed, having in view the intention of the grantee as to its use, and there being nothing to show that the parties intended it to be a mere personal right, it would be held to be an easement appurtenant to the land, and not an easement in gross. (10 Am. & Eng. Ency. of Law, 2d ed., p. 405; *Hopper* v. *Barnes,* 113 Cal. 636, [45 Pac. 874].)

3. The deed to plaintiff, Mrs. Jones, is not in the record, but it is stated in the transcript that her grantor, the Sacramento Bank, ''reserved in its conveyance . . . all water ditches and roads theretofore conveyed,'' from which it may be inferred that the purchaser at the sale under the trust deed regarded his purchase as subject to the easement created for the benefit of defendants' land.

4. The permission given to the Deardorffs, contemporaneously with the grant, to enter upon the land and construct the ditch, and its use by them and their successors in interest for so long a time, without objection, to convey water to section 8, where it was necessary to the proper enjoyment of the land, both by them and their successors in interest, would give rise to a strong inference that the original intention of the parties was that the ditch should become a servitude upon section 4 of which section 8 was the dominant tenement. ''The extent of a servitude is determined by the terms of the

grant, or the nature of the enjoyment by which it was acquired.'' (Civ. Code, sec. 806.)

The judgment and order are affirmed.

McLaughlin, J., and Buckles, J., concurred.