[Civ. No. 2842.    First Appellant District, Division One.—March 11, 1919.]

## ANNA B. NILSON et al., Respondents, v. WALFRID WAHLSTROM et al., Appellants.

[1] EASEMENTS—RESERVATION OF PERPETUAL RIGHT OF WAY—CONSTRUCTION.—Where the owner of a tract of land conveys a strip thereof to another, reserving to himself, as an easement in favor of the remaining portion of the tract, a perpetual right of way over and across the strip conveyed, such reservation constitutes and reserves only an easement appurtenant to such remaining portion of the tract, and not an easement in gross in such grantor apart from his ownership of such portion.

[2] ID.—RIGHT OF GRANTOR TO MAKE LATER CONVEYANCE.—As such a reservation embraces only an easement appurtenant to a particular tract of land, the grantor has nothing in the way of an easement in gross which he can later convey to the owners of other tracts of land.

[3] APPEAL—ACTION TO QUIET TITLE—DEDICATION—WAIVER OF ISSUE.—In an action to quiet title to a strip of land over which the defendants claim an easement, the issue as to whether said strip had been dedicated to public use cannot be urged for the first time on appeal.

APPEAL from a judgment of the Superior Court of Sonoma County.    Thomas C. Denny, Judge.    Affirmed.

The facts are stated in the opinion of the court.

G. P. Hall and E. J. Dole for Appellants.

R. L. Thompson and R. M. Barrett for Respondents.

RICHARDS, J.—This is an appeal from a judgment in the plaintiffs' favor in an action to quiet their title as against the

defendants to a strip of land thirty feet wide running across what is known as the Marshall ranch, in the county of Sonoma, and containing .55 acres of land.

The facts out of which the respective claims of the parties herein arise to interests in this strip of land are these: The ranch was a goodly number of years ago subdivided. In the year 1907 one Geo. P. McNear was the owner of a tract within the boundaries of said ranch containing nearly 17 acres, including this strip, which constituted the northerly thirty feet across the width thereof. The plaintiffs Nilson and Abrahamson were the owners of two other tracts in said ranch to the westward of the McNear tract. On June 8, 1907, McNear conveyed to Anna B. Nilson and Albertine Abrahamson said thirty foot wide strip of land extending from the county road to their properties, and in said conveyance he inserted the following reservation: "Reserving, however, unto the said party of the first part and the 16.30 acre tract hereinafter described as an easement in favor of said tract of 16.30 acres forever, and in favor of every piece and parcel thereof and in favor of the said party of the first part, his grantees, heirs or assigns, and all persons who may purchase any portion of said 16.30 acre tract, the perpetual right of way over and across said strip hereinbefore described, containing .55 acres." On February 24, 1917, said McNear undertook to convey to the defendants herein, who own tracts of land on the northerly side of said strip, rights of way over and across the same. When these defendants undertook to exercise the rights purported to have thus been granted them by McNear, the plaintiffs brought this action to quiet their title to the strip. The defendants appeared and answered denying the plaintiffs' exclusive right to said strip, and setting up affirmatively by both their answer and by a cross-complaint the aforementioned source and extent of their asserted rights in and to the use of the same. Upon the trial, the court found in the plaintiffs' favor and rendered its judgment accordingly, quieting their title to the strip. Upon this appeal the first and in fact the only available question is that of the construction to be given to the reservation in the deed from McNear to the plaintiffs above set forth. The respondents contend that it constitutes and reserves only an easement appurtenant to the lands of which it was the northerly portion retained by McNear, and no other or further easement or interest in McNear.

The appellants contend that the said reservation is also to be construed as reserving an easement in gross in McNear apart from his ownership of his said adjoining land, which said easement in gross was transferable and transferred to the appellants.

[1]  We are entirely satisfied that the contention of the respondents which was upheld by the trial court must be sustained upon this appeal upon the authority of the following cases: *Hopper* v. *Barnes,* 113 Cal. 636, [45 Pac. 874] ; *Wagner* v. *Hanna,* 38 Cal. 111, [99 Am. Dec. 354] ; *Gardner* v. *San Gabriel Valley Bank,* 7 Cal. App. 106, [93 Pac. 900] ; *Jones* v. *Deardorff,* 4 Cal. App. 18, [87 Pac. 213]. [2]  The reservation in McNear thus construed as embracing only an easement appurtenant to the lands then owned by him and bounded on the north by this strip, it follows that he had nothing in the way of an easement in gross which he could have later conveyed to the defendants and appellants herein, and hence that as to them and their asserted rights of way over said strip derived from McNear the plaintiffs were entitled to have their title quieted.

The appellants undertake to further urge upon this appeal that the evidence in the case showed that the said strip of land had been dedicated to the public use, and that as a portion of the general public they were entitled to a right of way over it for ingress to and egress from their premises. In respect to this contention it is only necessary to say that no such issue was presented by the pleadings or embraced in the findings of the court, or in fact raised upon the record before us. [3] The question cannot, therefore, for the first time be urged upon this appeal.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.