[Civ. No. 20169.   First Dist., Div. Three.   June 8, 1962.]

REGINALD H. ST. LOUIS, et al., Plaintiffs and Appellants, v. ED DeBON et al., Defendants and Respondents.

Falk & Falk, Harry W. Falk and Charles E. Buxton, Jr., for Plaintiffs and Appellants.

Hilger & Thomas and Blaine McGowan for Defendants and Respondents.

DRAPER, P. J.—Plaintiffs brought this action to enjoin use by defendants of a right of way over the southerly 30 feet of plaintiffs' lands. Judgment was for defendants, and plaintiffs appeal.

In 1926, the Falk family owned land near Arcata, including a substantial parcel which extended from a county road on the west to U. S. Highway 101 on the east. The Northwestern Pacific Railroad right of way ran through the land in a north-south direction, between road and highway. In 1926, the Falks granted to one St. Louis an irregularly shaped piece of land bounded on the southwest by the county road and on the east by the railroad tracks. This parcel was so situated that it left in Falks' ownership a parcel lying between the St. Louis grant on the west and U. S. 101 on the east. Although this piece had access on the east to U. S. Highway 101, it had no access to the county road on the west. The deed from Falk to St. Louis contained a metes and bounds description of the land conveyed, and provided "Except therefrom a right of ingress and egress over and across a strip of land 30 feet wide off the South end of the above described tract, being between the County road and the railroad, the North line thereof being 30 feet distant from and parallel to the South line of above described tract." This strip of land leads from the county road to a point on the railroad abutting upon the parcel retained by Falk lying between the land conveyed to St. Louis and U. S. Highway 101. In 1929, Falk conveyed to defendants' predecessor the latter parcel, but the deed made no reference to the right of ingress and egress reserved in the St. Louis deed. Plaintiffs acquired title to the St. Louis parcel by decree of distribution which recites the exception above quoted. Defendants acquired the adjoining parcel by mesne conveyances, none of which refer to the exception.

The issue is whether the easement reserved in the St.

Louis deed is one in gross, i.e., a personal right in Falk, or is appurtenant to the parcel retained by Falk in 1926 and conveyed to defendants' predecessor in 1929. If the right was but personal, it might not be assignable and in any event would not pass to another save by specific assignment. ▆ If, however, it is an easement appurtenant to the land conveyed to defendants' predecessor, it would pass with the land without specific mention.

▆▆ The established rule is that "[a]n intended easement will never be construed as personal when it may fairly be construed as appurtenant," and that when "it does not clearly appear whether the easement was intended to be in gross or appurtenant to land, evidence *aliunde* the document is admissible to determine the nature of the easement and to establish a dominent tenement" (*Wright* v. *Best,* 19 Cal.2d 368, 383 [121 P.2d 702] ; to the same effect see *Weller* v. *Brown,* 160 Cal. 515 [117 P. 517] ; *Hopper* v. *Barnes,* 113 Cal. 636 [45 P. 874] ). ▆ Here the location of the land conveyed to St. Louis by the 1926 deed in relation to that retained by Falk, particularly the parcel sold by them to defendants' predecessor in 1929, strongly supports the finding that the easement was appurtenant to the latter parcel as the dominant tenement, even though the deed does not no specify (*Elliott* v. *McCombs,* 17 Cal.2d 23 [109 P.2d 329] ).

Plaintiffs rely upon language in an 1869 decision (*Wagner* v. *Hanna,* 38 Cal. 111, 117 [99 Am.Dec. 354] ) for the view that only the deed may be looked to, and that in the absence of express language defining the dominant tenement, the easement granted cannot be deemed appurtenant. Although never expressly disapproved, it is flatly contrary to the holdings and the language in *Hopper* v. *Barnes, supra,* and other decisions (see detailed discussion in *Nay* v. *Bernard,* 40 Cal.App. 364, 367-368 [180 P. 827] ; *Eastman* v. *Piper,* 68 Cal.App. 554, 569-570 [229 P. 1002] ). In light of the still later decisions of the Supreme Court in *Wright* v. *Best, supra,* and *Elliott* v. *McCombs, supra,* it is apparent that the language of Wagner relied upon by plaintiffs is not a sound statement of the applicable rule.

▆ At oral argument, plaintiffs contended that the easement here in issue was extinguished by a 1958 deed from the state to defendants. The state had acquired the property now owned by defendants for use in the conversion of U. S. Highway 101 to a freeway. Apparently all or a substantial portion of the land was not required for that purpose, and

was conveyed by the state to defendants. This deed provided that grantees "by the acceptance of this deed recognize and understand that the . . . property . . . is landlocked and has no access to any publicly described street of [sic] Highway." The contention is belated. In their opening brief in this court, plaintiffs adopt as their own the trial court's statement that the sole issue is whether the reservation in the 1926 deed to plaintiffs' predecessor "created an easement in gross or an easement appurtenant." In their closing brief, plaintiffs for the first time refer to the language of the 1958 deed, but do so only to argue that when defendants acquired title they "knew there was no right of way appurtenant to" the property they bought, without argument or authority to show relevancy of such knowledge if in law the easement is appurtenant. It is clear that plaintiffs did not present at trial any claim that the 1958 deed extinguished the easement. Thus there is no evidence to meet the strong indication that the state was interested only in barring access to the freeway on the east, and had no concern with access to the county road on the west which is the subject of this litigation. Similarly, there is nothing to show whether consideration moved from plaintiffs to the state, and thus no opportunity to determine whether the 1958 deed, if it did extinguish the easement, amounted to a gift of public property to plaintiffs. Plaintiffs' trial theory caused this vacuum. Their new contention turns on fact issues never tried. It comes too late for consideration here.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 1, 1962.