[No. 12113.    In Bank. — March 14, 1888.]

MICHAEL QUINLAN, RESPONDENT, v. GEORGE A. NOBLE, APPELLANT.

EASEMENT — DITCH CONSTRUCTED ON LAND OWNED BY ONE PERSON — CONVEYANCE TO DIFFERENT PERSONS. — Where the owner of two adjoining tracts of land constructs a water ditch across one of the tracts for the purpose of irrigating the other, and while the ditch is so being used conveys the respective tracts to different purchasers, the grantee of the tract for the irrigation of which the ditch was constructed acquires an easement in the other tract of the right to use and maintain the ditch for the purpose for which it was constructed; and the grantee of the other tract takes the same subject to such easement.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Stuart S. Wright,* and *Ward & Grady,* for Appellant.

*R. B. Terry,* and *H. S. Dixon,* for Respondent.

McFARLAND, J.—This is an action to remove an obstruction in a water ditch. The verdict and judgment were for plaintiff, and defendant appeals. At the close of plaintiff's evidence, defendant moved for nonsuit, which was denied. It does not appear that any evidence was offered by defendant, and the verdict went for plaintiff. Appellant's argument is addressed mainly to the point that the court erred in denying the nonsuit.

The evidence was sufficient to warrant the court and jury in finding the following facts: At the commencement of the action,—June 1, 1886,—plaintiff was the owner of a certain tract of land called "lot No. 10," and defendant was the owner of a tract of land adjoining said lot 10. On the eighteenth day of May, 1873, William S. Chapman was the owner in fee of both these tracts, and continued to be the owner thereof until he disposed of them as hereinafter mentioned. In November, 1875, he made a written contract with one F. A. Pierce for the conveyance to the latter of said lot 10, and put Pierce in possession. In May, 1878, Pierce assigned and conveyed all his title and interest in the contract and land to D. W. Shepard; and in March, 1879, Shepard in like manner assigned and conveyed to Julia A. Fink Smith (widow). In January, 1881, Chapman conveyed said lot 10 to said Mrs. Smith and T. C. White in fee-simple, in pursuance of the said contract with said Pierce. Afterwards, through mesne conveyance, the title to said lot 10 was vested in plaintiff on September 1, 1885.

The said adjoining tract owned by defendant was conveyed by said Chapman to the Bank of California on the

20th of April, 1879; and through mesne conveyances the title to it vested in defendant in December, 1882.

As early as 1877 Chapman, while he owned both tracts, built a ditch across the tract now owned by defendant to said lot 10, for the purpose of irrigating the latter. And from 1877 until after the conveyance of lot 10 to plaintiff in September, 1885, there has continuously been a ditch across the tract owned by defendant to lot 10, and used by the owners of the latter for its irrigation, although the course of the ditch over defendant's tract was at one time changed by the owners of said tract from what was called "ditch No. 1" to "ditch No. 2." It was there when plaintiff purchased lot 10 in September, 1885, but was obstructed shortly afterwards by defendant.

Taking these to be the facts, we think that the judgment of the court below was right, and that without reference to the question of adverse user. While Chapman owned all the land, there probably could have been no relation of dominant and servient tenement between the tracts; but when he severed them by sale and conveyance, the grantee of each took it in the form which it assumed when he acquired it. This was held to be the law in *Cave* v. *Crafts*, 53 Cal. 139. In that case Mr. Justice McKinstry, delivering the opinion of the court, quotes approvingly the language of Denio, J., in *Lampman* v. *Mills*, 21 N. Y. 505, as follows: "'The rule of the common law on this subject is well settled. The principle is, that where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion of it, the purchaser takes the tenement or portion sold with all the benefits and burdens that appear at the time of sale to belong to it, as between it and the property which the vendor retains. . . . . No easement exists so long as the unity of possession remains, because the owner of the whole may at any time rearrange the quality of the several servitudes; but upon severance by the

sale of a part, the right of the owner to redistribute ceases, and easements or servitudes are created corresponding to the benefits or burdens existing at the time of sale.'"

Judgment and order denying a new trial affirmed.

SEARLS, C. J., McKINSTRY, J., SHARPSTEIN, J., PATERSON, J., and THORNTON, J., concurred.