[No. 14808. Department Two.—December 23, 1895.]

## A. DIXON, APPELLANT, v. H. SCHERMEIER, RESPONDENT.

EASEMENT—WATER DITCH—SERVITUDE.—A water ditch constituting an independent property disassociated from the land over which it passes, though it may be an easement in gross, is a servitude upon the land.

ID.—UNITY OF TITLE—EXTINGUISHMENT OF SERVITUDE.—When the owner of the land over which the ditch passes becomes the owner of the ditch, the servitude is extinguished by unity of title during the time that such unity of title may continue.

ID.—DITCH APPURTENANT TO DISTINCT MINING CLAIMS.—Where a ditch, as an artificial watercourse, is apparently necessary to the working of two distinct mining claims owned by the owner of the ditch, it becomes an appurtenance to each of the mining claims.

ID.—MORTGAGE UPON ONE CLAIM—SEVERANCE OF TENEMENTS—EASEMENT OF WAY.—The execution of a mortgage upon one of the two mining claims to which the water ditch is an appurtenance, creates, potentially, a severance of the tenements to which the ditch is appurtenant, and

where the ditch crosses the mortgaged claim to the other mining claim to which the ditch is also appurtenant, and which is not included in the mortgage, an easement of way for the ditch over the mortgaged claim is reserved in the mortgage by implication of law in favor of the other mining claim.

ID.—SUBSEQUENT MORTGAGE UPON EASEMENT — FORECLOSURE OF FIRST MORTGAGE—DISCLAIMER—EXTINGUISHMENT OF LIEN.—A subsequent mortgage of the other mining claim covers the easement reserved by implication of law in the former mortgage; and in a suit to foreclose the former mortgage the subsequent mortgagee may assert a lien on the easement of way for the ditch over the first mortgaged claim; but by disclaiming any interest in the land which is the subject of that suit, the judgment of foreclosure of the prior mortgage founded on such disclaimer, and the sale and deed thereunder, extinguishes the lien of the subsequent mortgagee on every part of the first mortgaged claim, including the easement of way and the section of the ditch lying above that claim which, as an appurtenance thereof, was included in the disclaimer; and a purchaser at a sale under foreclosure of the second mortgage acquires no interest in the ditch beyond the boundary of the claim subsequently mortgaged.

APPEAL from a judgment of the Superior Court of Placer County.   B. F. MYRES, Judge.

The facts are stated in the opinion.

*F. P. Tuttle*, for Appellant.

None of the elements exist which are necessary to constitute the ditch and water right an appurtenant to the Hoffman claim. (Civ. Code, sec. 662; *Quirk* v. *Falk*, 47 Cal. 454.)   When the ditch was dug and water appropriated, it became a separate and distinct property, a corporeal hereditament, not an easement. (*Hurlbutt* v. *Butenop*, 27 Cal. 57.)   Merger is a question of intention, and the intention of the parties may be presumed from what is to his best and highest advantage. (*Rumpp* v. *Gerkens*, 59 Cal. 496.)

*J. E. Hale* (for *Hale & Craig*), for Respondent.

The ditch was and is affixed to, and is incidental or appurtenant to, the Hoffman land and claim. (Civ. Code, secs. 660, 662.)

BRITT, C.—In the year 1873 the United States issued to one F. Hoffman a patent for certain mining ground,

one hundred and sixty and seventy-seven one hundredths acres in area, called by the parties here the "Hoffman placer claim." On the easterly and lower side of this, though not quite contiguous to it, lay another parcel of mining ground containing some fifty-eight acres, and called the "Smith placer claim." At the date of said patent there was, and is yet, a water ditch heading about half a mile above the Hoffman claim, and extending through the same to a reservoir a few rods within the eastern boundary thereof, and thence on to the Smith claim, a total distance of about three miles, half of which entire length is included in the Hoffman tract or claim. Mining on both the Hoffman and Smith claims, and to some extent elsewhere, has been carried on by means of water drawn through this ditch; though the ditch was originally constructed— as early as 1855—and has been mainly used, to work the Smith claim. Said Hoffman became the owner of the ditch in 1875; it does not appear that he could, or ever did, make use of the same, except in connection with said two placer claims.

Plaintiff's action is for the purpose of quieting his alleged title to the ditch. He founds his right on: 1. A mortgage executed by said Hoffman, November 13, 1883, to plaintiff and one Tillotson, upon said Smith mining claim and said water ditch, Hoffman, it seems, having become the owner of the Smith claim; 2. Judgment in an action begun December 5, 1887, by Dixon & Tillotson, for the foreclosure of such mortgage, which judgment was rendered February 6, 1888, and directed the sale of the mortgaged property; 3. Sheriff's deed, dated February 8, 1889, made to plaintiff Dixon as purchaser of the property at the sale under such judgment.

But on September 15, 1880, several years before the mortgage to which plaintiff traces his title, Hoffman mortgaged to one Elsen and others the land described in said patent to him—the "Hoffman placer claim"— and all the appurtenances thereto, to secure certain indebtedness to fall due May 1, 1881. In 1885 the mort-

gagees in this instrument instituted an action for the foreclosure thereof, and Dixon & Tillotson were made parties defendant. They filed an answer, in which they denied " that they have, or claim to have, any interest whatsoever, either by mortgage or otherwise, in the land described in the mortgage sought to be foreclosed in this action." Such action resulted in a judgment of foreclosure in favor of Elsen and his comortgagees, under which the property mortgaged to them was sold on September 4, 1886, to Schermeier, the present defendant; no redemption being effected, Schermeier received, April 28, 1888, a deed of the property so purchased by him, and thereunder claims to be the owner of the ditch within the limits of the Hoffman claim, and above to the head of the ditch; he has had possession of the same since the date of sale, September 4, 1886.

It may be, as contended by plaintiff, that prior to the acquisition of title to the ditch by Hoffman in 1875, it constituted an independent property, disassociated from the land over which it passed—an easement in gross (See *Coonradt* v. *Hill*, 79 Cal. 590); yet as such it was a servitude upon the land (*Smith* v. *Hawkins, ante,* p. 122; *Ware* v. *Walker*, 70 Cal. 595; Civ. Code, sec. 802, subd. 5); and when Hoffman became the owner of both ditch and lands the servitude was, for the time such unity of title might continue, extinguished. (Civ. Code, 805, 811; Gould on Waters, sec. 318.) Assuming, as we may, and this is probably the view more favorable to appellant, that Hoffman was the owner of the Smith claim in 1880, when he mortgaged the Hoffman claim, then the ditch, an artificial watercourse apparently necessary to the working of both claims, was an appurtenance to each of them. (Civ. Code, 662; *Crooker* v. *Benton*, 93 Cal. 365; *Standart* v. *Round Valley etc. Co.*, 77 Cal. 399; *Fitzell* v. *Leaky*, 72 Cal. 477; *Farmer* v. *Ukiah Water Co.*, 56 Cal. 11.) The title of a purchaser at a sale made under foreclosure of a mortgage has relation to the date of the mortgage (*Horn* v. *Jones*, 28 Cal. 194); hence, by the execution of the mortgage of

1880, Hoffman created, potentially, a severance of the tenements to which the ditch was appurtenant, and it follows that, although this mortgage was a lien on the Hoffman claim, and upon the ditch as an appurtenance thereto, yet an easement of way for the ditch over the Hoffman claim was reserved from that mortgage by implication of law in favor of the Smith claim; such easement was included in the mortgage of 1883. (*Quinlan* v. *Noble,* 75 Cal. 250, and cases cited; *Oakley* v. *Stanley,* 5 Wend. 523; *Huttemeier* v. *Albro,* 18 N. Y. 48; Gould on Waters, secs. 313, 314, 354.) Accordingly, when Dixon & Tillotson were made defendants in the suit to foreclose the mortgage of 1880, they could have asserted their lien in virtue of the mortgage of 1883 on such easement in the Hoffman claim, and have litigated with the mortgagees substantially the same issue Dixon is now waging with defendant here. (*Tolman* v. *Smith,* 85 Cal. 280.) But they expressly disclaimed any interest in the land which was the subject of that suit; and the judgment there, founded on such disclaimer, and the sale and deed to Schermeier, extinguished the lien they had on every part of the Hoffman claim, including the section of the ditch lying above the mining claim, which, as an appurtenance thereof, was included in the disclaimer. It results that Dixon, as purchaser at the sale under the judgment obtained by himself and Tillotson, acquired no interest in the ditch above the easterly line of the Hoffman claim. (*Reynolds* v. *Hosmer,* 51 Cal. 205.)

The judgment and order appealed from should be affirmed.

VANCLIEF, C. and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.