[Sac. No. 2276.  Department One.—May 24, 1917.]

## ISABELLA TAYLOR, Respondent, v. MANUEL J. AVILA, Appellant.

ADVERSE POSSESSION—PRESCRIPTIVE TITLE—USE OF DITCH BY GRANTOR AFTER CONVEYANCE.—Where the owner of land, along one side of which there was a water ditch used to conduct water for the irrigation of the entire tract, conveys a portion of the land without reservation, and thereafter openly and continuously for more than five years uses the portion of the ditch conveyed to carry water to irrigate his remaining land, it may be presumed that the use was under claim of right and adverse to the grantee, and sufficient to establish a title by prescription.

DEED—GRANT, BARGAIN, AND SALE—EXTINGUISHMENT OF EASEMENTS— ESTOPPEL.—A grant, bargain, and sale deed, containing no limitation, exception or reservation, operates to extinguish all easements

which the grantor then possessed over the land conveyed for the benefit of other land owned by him. The grantor is estopped by such a deed from asserting that it did not convey the entire estate in the land described.

ID.—DESCRIPTION—EASEMENTS APPURTENANT TO LAND CONVEYED—RESERVATION.—A clause in such deed, immediately following the description of the land conveyed and reading, "together with any and all water rights, ditch rights, or interests in ditches, canals, water, or water rights, made use of for the purpose of irrigating or draining said lands or any of said lands above described," while unnecessary to pass easements appurtenant to the land conveyed, cannot be construed as a reservation of easements to which the land was then subject.

APPEAL from a judgment of the Superior Court of Kings County, and from an order refusing a new trial. M. L. Short, Judge.

The facts are stated in the opinion of the court.

H. Scott Jacobs, for Appellant.

Miller & Miller, and Frank B. Graves, for Respondent.

SHAW, J.—The defendant appeals from the judgment and from an order denying a new trial.

The plaintiff sued to establish and quiet title to her alleged right to maintain and use a water ditch extending from a branch of the main canal of the Lemoore Canal & Irrigation Company southerly through the land of the defendant to and over the land of plaintiff. The court found that the plaintiff was the owner of the alleged easement through the lands of the defendant and gave judgment accordingly.

The facts involved can best be shown by a chronological statement. In the year 1903 plaintiff owned eighty acres of land, being the west half of the northwest quarter of section 15, and the defendant, or his predecessors, owned the land immediately adjoining the same on the north situated in section 10. About that time the ditch in question was constructed. It ran along the eastern edge of defendant's land to and into the plaintiff's tract and was used to conduct water from said canal to and over the plaintiff's eighty acre tract for its irrigation, being also used by the defendant on his land for a like purpose. In that year plaintiff conveyed to one

Gularte the northern twenty-five acres of her eighty acre tract, without reservation. Notwithstanding this conveyance she thereafter continued to use the ditch as before, for the irrigation of the remaining fifty-five acres. The court found that this use was under claim of right, adverse to Gularte, and that thereby in the year 1913 she had acquired a prescriptive right to maintain and use said ditch for that purpose. On July 11, 1913, she and Gularte conveyed the said northern twenty-five acres of land to the defendant. The deed of conveyance described the property conveyed as follows:

"All that certain lot, piece or parcel of land situate, lying and being in the county of Kings, state of California, and bounded and particularly described as follows, to-wit: The north 25 acres of the northwest quarter of the northwest quarter of section 15, township 19 south, range 20 east, M. D. B. & M., *together with any and all water rights, ditch rights, or interests in ditches, canals, water or water rights, made use of for the purpose of irrigating or draining said lands or any of said lands above described.*"

The deed was in the form of a grant, bargain, and sale deed, and purported to be made for the consideration of ten dollars. The actual consideration, as it appears from the evidence, was $1,750, which sum was paid by the defendant to Gularte and the plaintiff jointly.

The defendant claims that the finding that the plaintiff had acquired the right to use the ditch, as against Gularte, by the adverse use mentioned, is without support in the evidence. He also claims that, even if it be conceded that a prescriptive title was acquired by the plaintiff, the deed of conveyance executed by the plaintiff and Gularte operated to convey to the defendant the absolute fee in the twenty-five acres and extinguished any easement therein which plaintiff may have possessed at the time.

There is evidence sufficient to support the finding that the plaintiff, prior to the execution of said deed, had, by prescription, acquired title to the use and maintenance of the ditch over the said twenty-five acres which was then owned by Gularte. There was evidence to the effect that the plaintiff had continuously used the ditch to carry water from the canal to her land, for its irrigation, for more than five years prior to the execution of the aforesaid deed. The defendant con-

tends that there was no evidence that this use was made under a claim of right, and hence that the use was not of the adverse character necessary to the acquisition of a title by prescription. The court may reasonably have inferred from the evidence that the use was made without consulting Gularte, openly and in the same manner as if the plaintiff had the absolute right to such use. From all these facts the court might have presumed that the use was under claim of right and adverse. (*Franz* v. *Mendonca,* 131 Cal. 205, [63 Pac. 361]; s. c., 146 Cal. 640, 642, [80 Pac. 1078]; *Silva* v. *Hawn,* 10 Cal. App. 544, [102 Pac. 952]; *Evans Ditch Co.* v. *Lakeside Ditch Co.,* 13 Cal. App. 119, [108 Pac. 1027].) We must assume, in favor of the judgment, that the court did indulge in this presumption. It constituted evidence in the case and was sufficient, in connection with the other evidence, to support the finding of title by prescription.

We see no escape from the conclusion that the conveyance of 1913, by plaintiff and Gularte to the defendant, operated to extinguish all easements which the plaintiff then possessed over the said twenty-five acres of land. "A fee-simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended." (Civ. Code, sec. 1105.) The rule that a grant, bargain, and sale deed operates to pass the title in fee, unless it contains in itself some limitation, exception, or reservation, and that it estops the grantor thereafter from claiming any right or estate in the land so conveyed, is too well settled to require citation of authority. We find in the above deed no limitation or qualification whatever upon the fee-simple estate granted. The plaintiff, having made such conveyance, is estopped from asserting that it did not convey the entire estate in the land described.

The contention of the plaintiff that the last clause of the description, the italicized portion, qualifies the fee-simple estate granted, and, in effect, reserves to the grantor the easement she theretofore had over the twenty-five acres, for the use and maintenance of the ditch wherewith to carry water across the same for the irrigation of the remaining fifty-five acres, cannot be sustained. The language is without ambiguity, and its entire purport is to transfer to the grantee all water rights, ditch rights, or interests in ditches, canals, water, or water rights used to irrigate or drain the said twenty-five

acres. It has no application or effect to reserve any then existing water rights, ditch rights, or other easements over the twenty-five acre tract for the benefit of the fifty-five acres. It may be conceded that the italicized clause in the conveyance was unnecessary, since the appurtenances to the land conveyed would pass by operation of law without express mention. (Civ. Code, sec. 1104; *Cave* v. *Crafts,* 53 Cal. 135, 140.) But the language purports to grant easements to the grantee, not to reserve easements possessed by the grantor. However unnecessary it may have been, it could not by construction be given the opposite effect to that which the language plainly expresses. We are therefore forced to the conclusion that by this deed the plaintiff conveyed away all her interest in the easement over the twenty-five acres of land which she now seeks to have established, and it operated to defeat her rights, so far as the twenty-five acre tract is concerned.

The circumstances attending the execution of this deed suggest a probability that the parties intended to include in the deed a reservation in favor of the grantor of the existing easement she then possessed over the twenty-five acres of land as alleged in the complaint, and that by mutual mistake it was omitted therefrom. But the complaint contains no allegation of such mistake, and it does not seek any reformation of the deed. If any such mistake was made, the plaintiff can only avail herself of the benefits thereof by an appropriate amendment of the complaint when the case again reaches the trial court.

As the record stands, we have no choice but to reverse the judgment and order, and it is so ordered.

Sloss, J., and Lawlor, J., concurred.