[Civ. No. 2736. First Appellate District, Division Two.—March 21, 1919.]

## H. L. NAY, Appellant, v. J. BERNARD et al., Respondents.

[1] FINDINGS — CONFLICTING EVIDENCE — REVIEW.—Findings based on conflicting evidence cannot be disturbed on appeal.

[2] EASEMENTS—ADVERSE USER—PERMISSIVE USE.—A right of way by adverse user or prescription cannot be based upon a permissive use of the road.

[3] ID.—RESERVATION IN GRANT — APPURTENANT TO DOMINANT TENEMENT—PAROL EVIDENCE.—An easement conveyed by an express grant may be shown to be appurtenant to a dominant tenement by reason of facts appearing aliunde the deed, notwithstanding a description of such dominant tenement is not contained in the grant.

[4] ID.—DIVISION OF LANDS—QUASI EASEMENTS.—Where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion of it, the purchaser takes the tenement or portion sold with all the benefits and burdens that appear at the time of sale to belong to it, as between it and the property which the vendor retains.

[5] ID.—IMPLIED RIGHTS OF WAY—KNOWLEDGE OF PARTIES.—In this state, the doctrine of implied right of way is not limited to cases of rights of way by necessity, but applies whenever the quasi easement is obviously apparent or the parties had knowledge of its existence.

[6] ID.—RESERVATION OF QUASI EASEMENT—EFFECT OF OTHER RESERVATIONS.—A quasi easement reserved to the grantor upon the severance of his estate will not be affected by an express reservation of another right of way for another purpose, especially when the latter reservation is a right of way for future use.

[7] ID.—CONSTRUCTION OF EASEMENT — SUBSEQUENT CONVEYANCE — REFERENCE TO IN DEED.—In this action to establish a right of way, the easements involved were appurtenant to the land retained by the common predecessor of the parties at the time of his severance of the tract over which the right of way was reserved and passed by

the subsequent conveyance of the land originally retained without particular reference thereto in the deed.

[8] ID.—SUIT TO ESTABLISH—DIRECTED JUDGMENT BY APPELLATE COURT. On appeal from a judgment in favor of the defendant in an action to establish such right of way, although the conclusions of the appellate court may be in favor of the appellant's title, it cannot direct the entry of a judgment in his favor in the absence of findings as to the existence and use of the road prior to the execution of the deed to the servient tenement.

APPEAL from a judgment of the Superior Court of Sonoma County.   Thomas C. Denny, Judge.   Reversed.

The facts are stated in the opinion of the court.

W. F. Cowan for Appellant.

Juilliard & Harford for Respondents.

HAVEN, J.—Plaintiff appeals from a judgment in favor of defendants in an action to establish a right of way, to restrain defendants from interfering therewith and to recover damages for prior interference.   In 1894 the adjoining ranch properties of plaintiff and defendants were owned by Calvin H. Holmes and held by him as a single tract of land.   In September of that year he divided this tract by conveying to his son-in-law, Charles H. Foote, the southerly portion thereof, which is now owned by defendants and is hereinafter referred to as the "Bernard property," retaining title at that time in himself to the northerly portion of the tract, which is now owned by plaintiff and is herein referred to as the "Nay property."   The plaintiff acquired title to the Nay property in 1906 by mesne conveyances from Calvin H. Holmes.   The title to the Bernard property was conveyed by Charles H. Foote to the defendant John Bernard by deed dated March 12, 1913.   The deed of the Bernard property from Holmes to Foote contained the following *habendum* clause:

"To have and to hold, all and singular, the said premises, together with the appurtenances, unto the said party of the second part, and to his heirs and assigns forever, excepting the privilege of conducting water through a six-inch pipe at any point on the premises from said Yellow Jacket Creek. The right hereby is reserved to my heirs and assignees forever of six inches of water therein with the right-of-way to con-

duct said water and the right-of-way to travel over said land by a road to be laid out or kept open for travel."

A road from the Nay property across the Bernard property to the county road had existed for a number of years prior to the division of the tract by the execution of the above-mentioned deed. The evidence is conflicting as to the extent and nature of the use of such road prior to the date of the deed, but the grantee testified that it was a traveled road at that time, and its use to some extent and the recognition of is existence were clearly established.

Appellant claims that the evidence established: First, that the easement of the right of way for a road was appurtenant to the Nay property; second, that a right of way by necessity existed; third, that plaintiff had acquired an easement by adverse user and prescription; fourth, "that defendants were estopped from disputing the rights of plaintiff." Upon the question of a right of way by adverse user and prescription, the trial court found that the plaintiff had never traveled any portion of the road adversely to defendants nor under any claim of right, "but whenever plaintiff has traveled said road it has always been with the permission of the owners of the land over which said way runs"; and further, "that the portion of said road crossing the lands of defendants and the gates thereon were never used by others than the owners of said land except by and with the permission of such owners." These findings are supported by evidence offered on behalf of the defendants. [1] The evidence of plaintiff is in conflict therewith; but, under that state of the record, the findings cannot be disturbed. [2] A right of way by adverse user or prescription cannot be based upon this permissive use of the road.

The claim of a right of way by necessity was waived by the attorney for the appellant on the argument; and necessarily so, as the evidence discloses that the Nay land itself borders on a county road to which appellant has constructed a road over his own land.

The question chiefly argued in the briefs is whether the easement of a right of way for a road was appurtenant to the Nay property or was an easement in gross, personal to Calvin H. Holmes, the grantor in the above referred to deed. If appurtenant, it passed to plaintiff as an incident to the land conveyed to him. If personal to Holmes, plaintiff proved no

title thereto, as no conveyance of the easement as such was offered in evidence. The trial court found the execution of the deed with its *habendum* clause as above set forth. To such finding the following is added:

"That in said deed there is no mention or description of the lands hereinbefore described, and found to now belong to plaintiff or any portion of said lands, nor does said deed mention or describe any other lands or property than said 538.55 acre tract therein conveyed to said C. H. Foote. That neither said road nor right of way nor any portion thereof over said lands of defendants is now or ever has been appurtenant to the lands now owned by plaintiff or any portion thereof. That at the time of the conveyance of said 538.55 acre tract from Calvin H. Holmes to Charles H. Foote, said Calvin H. Holmes owned the whole of the present Nay ranch described in plaintiff's complaint, and thereafter continued to own said ranch for several years. That said Ranch was thereafter, after several successive transfers, conveyed to plaintiff; that none of the deeds or conveyances in the line from said Calvin H. Holmes to plaintiff in any way mention or refer to said right of way."

It is evident that the conclusion of the trial court that the easement was not appurtenant to the Nay property is based upon the finding that said property is not described nor referred to in the deed by which the Bernard property was conveyed. Such conclusion is warranted by the case of *Wagner v. Hanna*, 38 Cal. 111, [99 Am. Dec. 354], if the rule of that case is still the law of this state. The principle there announced is that, upon severance of an entire tract of land by conveyance of a portion thereof, an easement reserved by the grantor, for the benefit of the portion of the tract retained, is not appurtenant thereto unless the latter tract is described in the deed. We are of the opinion, however, that, while this case has not been expressly overruled, later decisions of the supreme court are so inconsistent therewith as to destroy its authority upon the particular point here involved.

In *Hopper v. Barnes*, 113 Cal. 636, [45 Pac. 874], the plaintiff and defendant owned adjoining quarter-sections of land. Defendant granted to plaintiff a right of way for a road over defendant's land. The deed contained an exact description of the granted right of way by metes and bounds, but did not describe either the land of plaintiff in connection

with which the right of way was to be used or the remaining land of defendant from which the right of way was carved. The exact question considered by the court was whether, under such circumstances, the easement was personal to the grantee or appurtenant to his adjoining land. After citation of authority to the effect that an easement is never presumed to be in gross when it can fairly be construed to be appurtenant to some other estate, the court held that the right of way there involved should be considered as appurtenant to plaintiff's land. In reaching that conclusion the court quotes with approval from a Massachusetts case (*Dennis* v. *Wilson,* 107 Mass. 591) as follows: "Where there is in the deed no declaration of the intention of the parties in regard to the nature of the way, it will be determined by its relation to other estates of the grantor, or its want of such relations."

This is a distinct holding that the nature of the easement, whether personal or appurtenant, may be determined by evidence *aliunde* the deed; which is the very thing that the case of *Wagner* v. *Hanna, supra,* holds cannot be done.

[3] The principle established by *Hopper* v. *Barnes, supra,* has been applied in a number of later cases, in all of which an easement conveyed by an express grant was held to have been appurtenant to a dominant tenement by reason of facts appearing *aliunde* the deed, and notwithstanding that no description of such dominant tenement was contained in the grant. (*Jones* v. *Sanders,* 138 Cal. 405, [71 Pac. 506]; *Jones* v. *Deardorff,* 4 Cal. App. 18, [87 Pac. 213]; *Gardner* v. *San Gabriel Valley Bank,* 7 Cal. App. 106, [93 Pac. 900].)

The case of *Wagner* v. *Hanna* is not referred to in any of the later cases, but we cannot escape the conclusion that it is practically overruled thereby.

[4] If the deed from Holmes to Foote had contained no reservation whatever of a right of way for a road, a *quasi* easement for that purpose would have been created in favor of, and as an appurtenance to the land retained by the grantor, which is now the Nay property. In *Cave* v. *Crafts,* 53 Cal. 135, 139, the court adopts the rule laid down in a leading New York case (*Lampman* v. *Milks,* 21 N. Y. 505) as follows: "The rule of the common law on this subject is well settled. The principle is, that where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion of it, the purchaser takes the tenement or portion sold with all

the benefits and burdens that appear at the time of sale to belong to it, as between it and the property which the vendor retains. . . . No easement exists so long as the unity of possession remains, because the owner of the whole may at any time rearrange the quality of the several servitudes; but upon severance by the sale of a part, the right of the owner to redistribute ceases, and easements or servitudes are created corresponding to the benefits or burdens existing at the time of sale.''

This rule is repeated in the same language in *Quinlan* v. *Noble,* 75 Cal. 250, 252, [17 Pac. 69], and is applied in the recent cases of *Cheda* v. *Bodkin,* 173 Cal. 16, [158 Pac. 1025], and *Jersey Farm Co.* v. *Atlanta Realty Co.,* 164 Cal. 412, [129 Pac. 593].

[5] Under the common law and many authorities in other jurisdictions, the doctrine of an implied right of way is limited to cases of rights of way by necessity. In this state, however, the rule is applied whenever the *quasi* easement is obviously apparent or the parties had knowledge of its existence at the time of the grant. (Civ. Code, sec. 1104; *Jones* v. *Sanders, supra.*) The record in this case discloses that the road here involved had existed and been used for a number of years prior to the deed from Holmes to Foote, and it is apparent that both parties had knowledge of its existence and use at the time of the execution of that deed.

[6] Respondent claims that all of the clauses found in the *habendum* in the deed from Holmes to Foote should be construed as having reference to the privilege of conducting water, and that the right of way ''to travel over said land by a road to be laid out or kept open for travel'' has reference to such a right of way for the purpose of visitation and repair of water pipes alone; in other words, that the only right of way reserved by this clause in the deed is not for a road for general travel, but solely for the purpose of being used as an incident to the privilege of conducting water, referred to in other portions of the *habendum* clause. If this construction is correct, manifestly the deed had no effect upon the *quasi* easement which is based upon the act of Holmes in conveying a portion of his land over which an established road for travel existed. Such easement reserved to the grantor upon the severance of his estate would not be affected by an express reservation of another right of way for another purpose, es-

pecially when the latter reservation was for a right of way for future use. If, on the other hand, the clause referred to is to be construed as an attempted reservation by the grantor of a right of way for a road in existence or another one to be laid out for general travel, we are of the opinion that the intent of the grantor to reserve such easement for the benefit of and as appurtenant to the portion of the land which he did not convey sufficiently appears from the record before us.

[7] The conclusions which we have reached are strengthened by the provisions of section 1069 of the Civil Code, to the effect that, in case of a reservation in a deed, the construction most favorable to the grantor must be placed upon the language of such reservation. We hold, therefore, that the easement here involved was appurtenant to the land retained by Holmes at the time of the execution of his deed and passed by the subsequent conveyances of that land to the plaintiff. Such an easement passes by transfer of the land itself without particular reference thereto. (Civ. Code, sec. 1084; *Cave* v. *Crafts,* 53 Cal. 140.)

[8] Notwithstanding our conclusions in favor of appellant's title to the right of way in dispute, a judgment in his favor cannot be directed, unless the findings of the trial court will support such judgment. We have no power to modify the findings as made. The only finding as to existence of the road here involved is that it has been in existence "for more than five years last past." For support of a judgment in favor of appellant, under the views hereinabove expressed, findings are necessary as to the existence and use of the road prior to the execution of the deed from Holmes to Foote in 1894. In the absence of such findings, we cannot direct the entry of a judgment.

The judgment appealed from is reversed.

Langdon, P. J., and Brittain, J., concurred.