[Civ. No. 3257. First Appellate District, Division Two.—April 9, 1920.]

## T. G. PALVUTZIAN, Appellant, v. JOHN K. TERKANIAN et al., Respondents.

[1] EASEMENTS — IRRIGATION CANALS — DIVISION OF TRACT — IMPLIED UNDERSTANDING.—Where the owner of a tract of land sells a portion thereof across which are constructed certain ditches or canals which are the visible and obvious means of transporting water to the remainder of the tract, in the absence of an express understanding, an implied understanding arises that the burdens and correlative advantages due to the presence of such ditches or canals shall continue as they existed before the separation of the title.

[2] ESTOPPEL—PLEADING.—If the facts from which an estoppel arises appear on the face of the complaint, it is not necessary that estoppel shall be pleaded in technical terms.

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Reversed.

The facts are stated in the opinion of the court.

Astor Elmassian, G. L. Aynesworth and H. M. Johnston for Appellant.

C. K. Bonestell and John A. Steele for Respondents.

---

1. Implied grant of easements upon severance and sale of property, notes, 34 Am. St. Rep. 708; 3 L. R. A. (N. S.) 1082.

BRITTAIN, J.—From a judgment in favor of the defendants the plaintiff appeals. The suit was for damages and for injunction to prevent interference with certain irrigating ditches and the flow of water over the defendants' land for which the plaintiff claimed an easement.

The court found that prior to 1885 the predecessors of both the plaintiff and defendants owned in one body the lands now owned by them severally. While the lands were held in single ownership two irrigation ditches or canals were constructed across the tract. These ditches were connected with the main ditch or canal of the Fresno Canal and Land Corporation's system of irrigating ditches. Since their construction they have been the only source from which water can be obtained for the irrigation of plaintiff's land, except by the installation of a pumping plant or the acquisition of a right of way for ditches over other property. The ditches were at all times since 1885 the visible and obvious means of transporting water to the lands now owned by the plaintiff. For two or three years between 1885 and 1908 they were not used, but they were used continuously for five years commencing in 1909. In 1908 the owner of the entire tract conveyed to the defendant Terkanian one portion of the tract. Thereafter the grantor and his successors used the ditches on the portion theretofore conveyed. The plaintiff acquired his portion of the original tract in 1915. In October, 1916, "at the special instance and request of the defendant, John K. Terkanian, and one Kienitz," who was the owner of an adjoining tract over which the ditches in controversy ran, Kienitz, the plaintiff, and Terkanian entered into an agreement which is summarized in the findings, but to which it is proper to make some further reference. Kienitz was named as the party of the first part and the plaintiff, Palvutzian, and the defendant, Terkanian, were joined under the designation of the "second party." It recited the ownership of Kienitz of his land, "and that a certain ditch or canal is now located upon the premises of the first party and that said ditch or canal is now used for the purpose of furnishing water for irrigation purposes to second party." It was agreed that "in consideration that first party furnish to second party through and by means of a pipe-line [which was to be and was constructed in lieu of the old ditch on the Kienitz land]

an amount of water equal to the quantity which has been furnished by said ditch or canal to second party; second party hereby agrees to waive any and all rights that they may or might have in said ditch and further agree that said first party shall be allowed to obliterate said ditch and substitute therefor the said proposed pipe-line, it being understood that first party shall in no manner lessen the quantity of water heretofore furnished to second party by and through said ditch or canal." Taking this contract by its four corners it appears to have been made as much for the benefit of the plaintiff as for the defendant, Terkanian; that the latter by joining in it recognized Palvutzian's right to the water as equal to his own, and that all three of the adjoining land owners recognized the right of the lower owners on the ditch to the flow of water over the lands of the upper owners, merely agreeing that on one of the upper tracts the pipe-line might be substituted for the existing ditch, thus changing the easement from the right to have the ditch maintained to one to have the same flow of water through the pipes.

Pursuant to this contract the court further found that Kienitz constructed the pipe-line and plowed up the ditches on his land; that Terkanian made a ditch connecting the Kienitz pipe-line with the westerly of the two ditches over the defendants' land leading to that of the plaintiff, but refused in April, 1918, to allow the plaintiff to connect the pipe-line with that ditch. In May, 1918, Terkanian plowed up and filled the easterly ditch and the westerly ditch so that the plaintiff could not thereafter obtain water for irrigation thereby. Sixty acres of the plaintiff's land was then planted in Thompson seedless grape-vines and sixty acres were in pasture; neither the grape-vines nor the pasture will grow or produce without irrigation during the irrigating seasons. It was then found that by reason of the acts of the defendants in plowing and filling up the ditches the plaintiff has been prevented from irrigating any portion of his premises from the old source of supply; that his grape-vines and pasture have been dying out and will die out entirely unless they are irrigated; that there was water in the main canals of the irrigation system which would have flowed to and upon plaintiff's premises for irrigation if the ditches had not been plowed and filled up; that the plaintiff's land

47 Cal. App.—4

has depreciated in value in the sum of three hundred dollars; that the defendants threaten and intend to and will keep the ditches plowed and filled up so that the plaintiff cannot obtain water through them for the purpose of irrigating his land; the plaintiff's damages unless water be obtained for irrigation will be irreparable, the premises materially reduced in value, and the pasture and seedless grape-vines on the plaintiff's land will be ·rendered valueless; and that the plaintiff has no plain, speedy, or adequate remedy at law. The court further found that neither the plaintiff nor Terkanian had acquired as against the other any adverse interest in the ditches since the date of the deed to Terkanian.

[1] Upon these findings the court concluded that by the conveyance to Terkanian the plaintiff's predecessor conveyed to him all his right, title, and interest in and to the ditches and there was no express or implied right of way reserved over the land for ditches to irrigate the land he afterward conveyed to the plaintiff; that in the use of the irrigation ditches after the deed to Terkanian, plaintiff's grantor or successors in interest was without right and that Terkanian had the right to plow and fill up the ditches and is not liable for damages which the plaintiff suffered thereby. The plaintiff and appellant maintains that upon the findings of fact these conclusions of law cannot be sustained, and that in the determination of this appeal, on the findings, judgment should be entered for the plaintiff for the damages found to have been sustained by him and for injunction in accordance with the prayer of his complaint.

The respondent contends that under the facts the case is not to be differentiated from *Taylor* v. *Avila,* 175 Cal. 203, [165 Pac. 533]. The appellant relies upon a number of cases which unquestionably sustain his position, unless the decision in *Taylor* v. *Avila, supra,* is determinative. (*Cave* v. *Crafts,* 53 Cal. 135; *Quinlan* v. *Noble,* 75 Cal. 250, [17 Pac. 69]; *Dixon* v. *Schermeier,* 110 Cal. 582, [42 Pac. 1091]; *Jones* v. *Sanders,* 138 Cal. 405–412, [71 Pac. 506]; *Jersey Farm Co.* v. *Atlanta R. Co.,* 164 Cal. 412, [129 Pac. 593]; *Cheda* v. *Bodkin,* 173 Cal. 7, [158 Pac. 1025].) Except *Cave* v. *Crafts,* cited upon another proposition than the one chiefly involved in this case, none of these cases was referred to in the opinion of *Taylor* v. *Avila.* An examination of

the record and briefs in *Taylor* v. *Avila* shows that the rule
of law announced in the cases relied on by the appellant was
not presented to nor considered by the court. It had be-
fore it solely the question of the construction and effect of
a particular deed. Upon this question the only matters
argued in the briefs or decided by the court were that the
language used in the deed purported to transfer to the
grantee all water rights, ditch rights, etc., and that it did
not purport to reserve any then existing water rights for the
benefit of the tract of land from which that conveyed by
the deed was severed. It is elementary that every decision
is limited in its application to the matters then before the
court. (*Grant* v. *Murphy*, 116 Cal. 432, [58 Am. St. Rep.
188, 48 Pac. 481]; *Chapman* v. *State*, 104 Cal. 690–697, [43
Am. St. Rep. 158, 38 Pac. 457].) The decision under con-
sideration was a Department decision, and it does not ap-
pear that rehearing by the court in Bank was sought. It is
significant that in the opinion it was suggested there was a
probability that the parties intended to include in the deed
a reservation in favor of the grantor of the existing ease-
ment she then possessed and that by mutual mistake it was
omitted therefrom. It was stated the complaint contained
no allegation of such mistake and the plaintiff did not seek
reformation of the deed. The opinion closes with the state-
ment that "as the record stands, we have no choice but to
reverse the judgment and order, and it is so ordered." It
is also elementary that on appeal matters not argued by the
appellant are deemed to have been waived. (*Churchill* v.
*Lauer*, 84 Cal. 233, 234, [24 Pac. 107]; *Rogers* v. *Schlotter-
back*, 167 Cal. 35, 52, 53, [138 Pac. 728].)

If the appellant in *Taylor* v. *Avila* had presented to the
court argument under the rule announced in *Cheda* v. *Bod-
kin, supra,* and *Jersey Farm Co.* v. *Atlanta R. Co. supra,*
and the decision in *Taylor* v. *Avila* had been rendered in its
present form, this court might have been warranted in con-
cluding the effect of *Taylor* v. *Avila* was to overrule the
earlier cases. That they are not overruled appears from
the fact that in a later case, the rule declared in *Cheda* v.
*Bodkin, supra,* was reannounced by the supreme court and
that case cited as authority, the statement being "the mere
fact that appellant's predecessor was the grantee of one
of the respondents under a warranty deed does not prevent

an assertion by plaintiff of a right to use the track. Where the owner of one tract of land sells part of it, and that part is burdened by an obvious easement in favor of other persons, or other parts of the larger tract, an implied understanding arises that the burdens and correlative advantages shall continue as they existed before the separation of the title.'' (*Southern Pac. Co.* v. *Los Angeles Mill Co.*, 177 Cal. 402, [170 Pac. 832].) This latter decision was one of the other department of the supreme court. It is not only the later opinion of the court, but it appears that there was an application for hearing which was denied. This court is bound by the later decision, supported as it is by a long line of decisions not considered in *Taylor* v. *Avila.*

The rule of law which was reannounced in *Southern Pac. Co.* v. *Los Angeles Mill Co., supra,* received lengthy and careful consideration by this court in *Kallenburg* v. *Long,* 39 Cal. App. 731, [179 Pac. 730], and in *Nay* v. *Bernard,* 40 Cal. App. 364, [180 Pac. 827], and in both cases it was applied in the manner in which the appellant maintains it should be applied in this case. The matter has received further careful consideration, and no reason appears why this court should overturn a rule of property which has been recognized in this state since the decision in *Cave* v. *Crafts,* 53 Cal. 135, decided by the supreme court in 1878. Upon the facts found by the trial court, it appears that when the Terkanian deed was made the land conveyed was burdened with an obvious easement for the maintenance of the ditches and flow of water to the property retained by Terkanian's grantor and subsequently conveyed to the plaintiff, and that under the rule to which reference has been made, the defendants had no right to destroy the ditches and thus to irreparably injure the plaintiff and his lands.

This case may be further differentiated from *Taylor* v. *Avila,* in that it appears in that case there was no allegation to support a reformation of the deed to express the true intent of the parties. In this case the plaintiff sets up the agreement by which Kienitz and Terkanian both recognized the right of the lower owners to the maintenance of the ditches and the flow of water, and the court found that the plaintiff entered into that agreement at the special instance and request, not alone of Kienitz, but of Terkanian. The contract on its face showed that it was made for the benefit

both of the plaintiff and Terkanian.   **[2]**  If the facts from which an estoppel arises appear on the face of the complaint, it is not necessary that estoppel shall be pleaded in technical words.  (*Carpy* v. *Dowdell*, 115 Cal. 677, [47 Pac. 695]; *Beardsley* v. *Clem*, 137 Cal. 328, 332, [70 Pac. 175].)   The effect of pleading this contract, connected with the finding in regard to it, creates an estoppel as against the defendants to assert that an easement, the existence of which was so recognized, does not exist.

The judgment is reversed, with instructions to the trial court to take such further proceedings as are consistent with the views herein expressed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 7, 1920, and the following opinion then rendered thereon:

SHAW, J.—Upon the denial of the petition for a rehearing in this case I deem it advisable to state one feature of the decision in *Taylor* v. *Avila*, 175 Cal. 203, [165 Pac. 533], which is not noticed in the opinion of the district court of appeal and which clearly distinguishes it from the present case.   The facts in that case were, that originally Taylor owned eighty acres, being a west half of a northwest quarter, and Avila or his predecessors owned forty acres adjoining the north end of the eighty acres.   Through these tracts a ditch was made leading from the canal to the north and it was in use for the purpose of irrigating both tracts.   Afterward Taylor conveyed the north twenty-five acres of her eighty acre tract to one Gularte.   Thereafter she continued to use the ditch as before, although no reservation of the right to do so had been made in her deed to Gularte for the twenty-five acres.   Afterward Gularte sold the twenty-five acres to Avila and she joined with Gularte in the deed conveying said twenty-five acres to Avila.

The significant fact in the case is that she had no right or interest whatever in the twenty-five acres at the time she joined in the deed of Gularte to Avila, except her implied easement, consisting of her right to maintain the ditch

through said twenty-five acres for the benefit of her remaining fifty-five acres of the eighty acre tract, and that her deed to Avila expressly purported to convey all ditch rights or interests in ditches for irrigating. The only effect the deed could have, so far as she was concerned, was to convey her right to the ditch. There was, therefore, no room for the operation of any implication that she reserved the ditch right, since, from the circumstances, it was obvious that the only possible intention on her part in joining in the deed was to convey to the defendant her right in the said ditch over the twenty-five acre tract. The case of *Taylor* v. *Avila* is, in all respects, parallel to that of *Dixon* v. *Schermeier,* 110 Cal. 582, [42 Pac. 1091], in which the same conclusion was reached, and it is not contrary to the decisions in *Cave* v. *Crafts,* 53 Cal. 139; *Quinlan* v. *Noble,* 75 Cal. 250, [17 Pac. 69]; *Jones* v. *Sanders,* 138 Cal. 405, [71 Pac. 506]; *Jersey Farm Co.* v. *Atlanta Realty Co.,* 164 Cal. 412, [129 Pac. 593]; *Cheda* v. *Bodkin,* 173 Cal. 7, [158 Pac. 1025].

All the Justices concurred.