[Civ. No. 11675.   First Dist., Div. Two.—July 7, 1941.]

PETER H. ROSEBROOK et al., Respondents, v. ROSE E. UTZ, Appellant.

C. W. White and Hazel Utz for Appellant.

Woolsey & Huovinen and B. H. Dean, Jr., for Respondents.

SPENCE, J.—Plaintiffs sought to quiet title to a right of way over the land of defendant and also sought an injunction to restrain the defendant from interfering with plaintiffs' use and enjoyment of said right of way. A judgment was entered in favor of plaintiffs on October 28, 1937. Thereafter defendant made a motion for a new trial, which motion was granted upon the sole issue of the description of the right of way and was denied upon all other issues, the trial court including in its order an order that the judgment previously rendered be vacated and set aside. A trial was thereafter had solely upon the issue of the description of the right of way. Following said trial, the trial court signed new findings of fact and conclusions of law and a new judgment was entered in favor of plaintiffs on March 19, 1938. Defendant filed a notice of appeal from the judgment of October 28, 1937, and also filed a notice of appeal from the judgment of March 19, 1938.

The contention of defendant on this appeal is that the evidence was insufficient to sustain a judgment in favor of plaintiffs, it being claimed that there was no evidence to show an easement by grant, or to show an implied easement or *quasi* easement, or to show an easement by prescription. We shall therefore briefly summarize the evidence in so far as it may be pertinent to this discussion.

Plaintiffs are owners of a seven-acre parcel of land which adjoins a six-acre parcel owned by defendant. Since the year 1915, there has been a graveled road leading across the six-acre parcel which has been continuously used by the owners of the seven-acre parcel and the tenants of said owners as a means of ingress and egress between said seven-acre parcel and a public highway known as Kelly Avenue. The trial court found that the use thereof was open, notorious, peaceable and under claim of right, communicated and known to defendant and her predecessors in interest. The trial court further found that the alleged easement was an "open, visible and obviously apparent easement or right of way" during all of said time. The six-acre tract was conveyed to defend-

ant in 1927 and, in 1936, defendant barricaded the right of way and put up signs indicating that anyone using the same would be shot. Plaintiffs then commenced this action.

There were many transfers of both the seven-acre parcel and the six-acre parcel between 1915 and the time of the commencement of this action. In 1915, Koenig was the owner of the six-acre parcel. He conveyed said six-acre parcel to Johnson, reserving the easement or right of way over the six-acre parcel. About one month later Koenig conveyed the easement or right of way to Carleton who was then the owner of the seven-acre parcel. At about the same time, Carleton became the owner of the six-acre parcel as well as the seven-acre parcel and remained the owner of both parcels until April 26, 1917.

On said April 26, 1917, Carleton conveyed the six-acre parcel to Koenig without specifically mentioning the easement or right of way over said six-acre parcel. On the following day, April 27, 1917, Koenig conveyed said six-acre parcel to Dickman, subject to said easement or right of way which was described by metes and bounds. The two last mentioned deeds were both recorded on April 30, 1917. Carleton remained the owner of the seven-acre parcel until May 1, 1918, when Carleton conveyed the seven-acre parcel, together with the easement or right of way describing it by metes and bounds, to Cebellero.

There were other conveyances of the seven-acre parcel thereafter and each of the deeds contained an express conveyance of the easement or right of way over the six-acre parcel. There were likewise several conveyances of the six-acre parcel thereafter and, with one exception, each of the deeds, including the deed to defendant, contained an express provision showing that said six-acre parcel was subject to said easement.

The parties discuss many questions in their briefs but it appears to us that the judgment may be sustained upon the ground that the evidence was sufficient to show at least an implied or *quasi* easement. We may assume, as contended by defendant, that the original easement over the six-acre parcel reserved by Koenig and thereafter conveyed to Carleton became extinguished when Carleton became the owner of both the six-acre parcel and the seven-acre parcel. (Civ. Code, secs. 805, 811.) The fact remains that Carleton

then became the owner of the entire thirteen-acre tract and thereafter conveyed a portion thereof, namely the six-acre parcel over which ran the road which had been and was then being openly, visibly and continuously used for the purpose of ingress and egress between the seven-acre parcel and Kelly Avenue. Under the authorities hereinafter referred to, an implied or *quasi* easement was thereby created appurtenant to the seven-acre parcel.

A leading case on the subject and one frequently quoted in the authorities in this state is *Lampman* v. *Milks*, 21 N. Y. 505. The court there said at page 507: ''The principle is, that where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion, the purchaser takes the tenement, or portion sold, with all the benefits and burdens which appear, at the time of the sale, to belong to it, as between it and the property which the vendor retains. This is one of the recognized modes by which an easement or servitude is created. No easement exists, so long as there is a unity of ownership, because the owner of the whole may, at any time, rearrange the qualities of the several parts; but the moment a severance occurs, by the sale of a part, the right of the owner to redistribute properties of the respective portions ceases; and easements or servitudes are created, corresponding to the benefits and burdens mutually existing at the time of the sale. This is not a rule for the benefit of purchasers only, but is entirely reciprocal; hence, if, instead of a benefit conferred, a burden has been imposed upon the portion sold, the purchaser, provided the marks of this burden are open and visible, takes the property with the servitude upon it. The parties are presumed to contract in reference to the condition of the property at the time of the sale, and neither has a right, by altering arrangements then openly existing, to change materially the relative value of the respective parts.''

The rules stated in that case have been consistently followed in this jurisdiction. (*Quinlan* v. *Noble*, 75 Cal. 250 [17 Pac. 69]; *Jones* v. *Sanders*, 138 Cal. 405 [71 Pac. 506]; *Jersey Farm Co.* v. *Atlanta Realty Co.*, 164 Cal. 412 [129 Pac. 593]; *Cheda* v. *Bodkin*, 173 Cal. 7 [158 Pac. 1025]; *Southern Pacific Co.* v. *Los Angeles Mill. Co.*, 177 Cal. 395 [170 Pac. 829]; *Silveira* v. *Smith*, 198 Cal. 510 [246 Pac. 58]; *Kallenburg* v. *Long*, 39 Cal. App. 731 [179 Pac. 730];

*Nay* v. *Bernard,* 40 Cal. App. 364 [180 Pac. 827] ; *Palvutzian* v. *Terkanian,* 47 Cal. App. 47 [190 Pac. 503].) As was said in *Nay* v. *Bernard, supra,* at page 368: "If the deed from Holmes to Foote had contained no reservation whatever of a right of way for a road, a *quasi* easement for that purpose would have been created in favor of, and as an appurtenance to the land retained by the grantor, which is now the Nay property."

It therefore appears that the evidence was sufficient to sustain the judgment of March 19, 1938, and that said judgment should be affirmed. It further appears that the judgment of October 28, 1937, was vacated and set aside by the trial court in the order granting a new trial and that the appeal from said judgment should be dismissed.

The appeal from the judgment of October 28, 1937, is dismissed. The judgment of March 19, 1938, is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.